## JAMES SHIRLEY et al. *v.* GEORGE FEARNE.

1. PRACTICE: WHAT AMOUNTS TO A CONFESSION OF A DEMURRER.—If a demurrer be filed to a plea, and the defendant thereupon, under leave granted, file an amended plea, meeting the objections to the original, as set out in the demurrer, it is an admission that the demurrer is well taken; and it will not therefore, be error to submit the cause to a jury, without any formal disposition having been made of the demurrer.
2. DEED: SUBSCRIBING WITNESS: PROOF OF EXECUTION BY ONE SUFFICIENT.— Only one subscribing witness to a deed is required; and if there be two, proof of its execution by one is sufficient. See 9 S. & M. 325.
3. PARTNERSHIP: A PARTNER CANNOT EXECUTE A DEED IN THE FIRM NAME.—A partner has no right to execute and acknowledge a deed in the name of the firm, without the previous consent or subsequent ratification of his associates; and hence, where a deed, purporting to be executed by a firm, is acknowledged by one of the partners, its execution is not properly proven unless the authority of such partner to execute it be shown *aliunde.*
4. DEED: WHERE MORE GRANTORS THAN ONE, ITS EXECUTION BY ALL MUST BE SHOWN.—Where the plaintiff, in an action of trover against a third party, claims title to the property, under a deed purporting on its face to be executed by two or more grantors, he must show that it was executed by all, or he will not be authorized to use it as evidence.
5. RES ADJUDICATA: TRIAL OF RIGHT OF PROPERTY BINDS CLAIMANT.—A judgment against the title of the claimant, in a proceeding under the statute, for the trial of the right to personal property levied on, under execution, is conclusive against the claimant's title, in a contest between him and a person who holds the property in virtue of a sale, made in pursuance of that judgment.
6. SAME.—Although the sheriff may have no power under a *distringas* issued

against the claimant, to sell the property embraced in the writ, and the title to which had been adjudged against the claimant, yet in an action of trover by the claimant, against a purchaser from the sheriff, it is competent for the defendant to introduce in evidence, the record of the trial of the right of property, and the *distringas*, to show that the plaintiff has no title.

7. SAME: PAROL EVIDENCE ADMISSIBLE TO SHOW IDENTITY OF PARTIES.—It is competent to show, by parol proof, who were the real parties in interest in a former suit, so as to conclude them by the judgment then rendered.

8. RECORD: CANNOT BE IMPEACHED BY PAROL EVIDENCE.—A record imports absolute verity, and must be tried by itself; it cannot be impeached by parol evidence; and hence it is incompetent to show, by the testimony of the clerk of the court, that the final record was made up by an unsworn deputy, and embraced a judgment not entered on the minutes of the court.

IN error from the Circuit Court of Warren county.    Hon. John I. Guion, judge.

In October, A. D. 1852, James Shirley and Adeline Shirley, his wife, and their three minor children, Frederick Shirley, Alice Shirley, and Robert D. Shirley, brought an action of trover against James Fagan, George Fearne, and Patrick Magee, for an alleged conversion by the defendants of a certain slave, named Hannah, " the personal property of said plaintiffs, Adeline, Frederick, Alice, and Robert, the right of the said Adeline being separate and apart from her said husband."

The defendants pleaded first, not guilty; and second: " If the said slave Hannah, or any other slave, was taken from the plaintiffs' possession by these respondents, that the same was done by virtue of an execution, or some other judicial process, issued from the Circuit Court of the United States, for the Southern District of Mississippi, therefore was legally and properly taken, and this they pray may be inquired of by the country."

On the third Monday of October, A. D. 1852, the plaintiffs demurred to this plea, and for cause of demurrer assigned:

" 1st. They do not state what kind of process."

" 2d. They do not state what kind of process, or against whom it was issued."

" 3d. They do not show any authority under said process, to take the slave in dispute."

On a subsequent day of the term, being the 6th of December,

A. D. 1852, on motion of defendants they were allowed sixty days to file additional answers, and afterwards they filed an amended answer in substance as follows: That they took the slave Hannah as they lawfully might, under an execution on a judgment against James Shirley, rendered on the 16th of May, A. D. 1837, for $9615 38, in favor of Martin, Pleasants & Co., in the Circuit Court of the United States for the Southern District of Mississippi; and also under an execution on a judgment, in same court, in the case of *Martin, Pleasants & Co.* v. *John G. Harris*, claimant, rendered on the 4th of May, 1852.

The case was dismissed as to Magee and Fagan, and a trial was had on the issue as above, without any disposition having been made of the plaintiffs' demurrer. The verdict and judgment were for the defendant.

Three bills of exceptions were taken by the plaintiffs during the progress of the trial. From these it appears, that the plaintiffs proved, that Hannah had been in possession of Mrs. Adeline Shirley, since the birth of said Hannah, which was about ten years previous to that time; that she was claimed by Mrs. Shirley as the property of herself and children under a deed of trust; that she was worth about $500, and that defendant Fearne, as agent for Bibb & Hopkins, purchased her at a sale made by the marshal of the Southern District of this State, in November, A. D. 1852; that James Shirley was present at the sale, and notified the bidders that she belonged to his wife and children, and that he would enforce their rights against the purchaser.

The plaintiffs then offered to introduce a deed of trust, purporting to be between Samuel B. Marsh, and Leigh, Maddox & Co., of the first part, David O. Shattuck, and B. F. Caruthers, of the second, and Adeline Shirley, wife of James Shirley, James I. Shirley, and Frederick Shirley, minor children of James Shirley, of the third part. This deed purported to convey to the trustees certain slaves and other property lately purchased by Marsh, and Leigh, Maddox & Co., under execution against James Shirley, in trust for the "only use, behoof, and benefit of said Adeline Shirley, James I. Shirley, Frederick Shirley, and the future issue of said James and Adeline Shirley, if any." The deed also contained further stipulations of trust, to the effect that large sums were to

be paid to the grantors out of the proceeds of the labor of these slaves; and that the trustees were to retain possession of them until the youngest child of Adeline and James Shirley should attain the age of twenty-one; and if there were no future children, then for sixteen years from that date, when the property and its future increase were to be divided, "so that each, viz., Adeline Shirley, James I. Shirley, and Frederick Shirley, and the future child or children, if any, shall each receive an equal share."

The deed was dated 13th of January, 1841, and purported to be signed by "S. B. Marsh, Leigh, Maddox & Co. in liquidation, D. O. Shattuck, B. F. Caruthers;" and was attested as to Marsh's signature by two subscribing witnesses, one of whom proved the signature of Marsh, on the 8th of October, 1841, in these words, viz.: "That he saw the above named Samuel B. Marsh, whose name is subscribed thereto, sign, seal, and deliver the same for the purposes therein mentioned; that deponent signed his name thereto, in the presence of said Marsh." B. F. Caruthers acknowledged the deed in person on the 8th of October, 1841; and it was, with these two acknowledgments, recorded on the 9th of the same month, in Tallahatchie county. On the 23d of November, 1841, D. O. Shattuck acknowledged his signature, sealing, and delivery. On the 6th of July, 1847, James S. Ewing, described by the magistrate as "one of the firm of Leigh, Maddox & Co.," acknowledged the due execution and delivery of the deed; and it was recorded in June, 1848, in Sunflower county, and in May, 1851, in Warren county. The plaintiffs then proved that Ewing was a member of the firm of Leigh, Maddox & Co.; but on the objection of the defendant, the court below refused to permit the deed to be read in evidence to the jury, and the plaintiff excepted.

The second bill of exceptions recites, that the defendants read to the jury a transcript of the case of *Martin, Pleasants & Co.*, against *John G. Harris, Trustee, &c.*, claimant, from the United States Court. This record consisted of an execution, which issued on the 3d of January, 1846, from that court, on a judgment in favor of *Martin, Pleasants & Co.* v. *Jas. Shirley*, rendered on the 16th of May, 1837, for $9615 38, on which an execution had issued and been levied, and a forthcoming bond executed and forfeited; the present execution being on the judgment on the forfeited bond.

This execution, on the 20th of January, A. D. 1846, was levied on various personal property, including a slave named Hannah, aged eighteen months, which was claimed by John G. Harris to belong to him, on the 22d of January, 1846, as trustee for Adeline Shirley, James J. Shirley, Frederick Shirley, and Alice Shirley, and he gave a claimant's bond to try the right of property. At the November Term, 1846, an issue was made up between Martin, Pleasants & Co. and John G. Harris, to try whether the property "was subject to said execution." At the May Term, 1852, the property was adjudged subject to the execution, and the girl Hannah valued at $100. A motion for a new trial was refused, and a judgment rendered in favor of Martin, Pleasants & Co. for the property, if to be had; and if not, then for its value. A distringas issued on the 7th of May, 1852, to the marshal, to seize Hannah, and in default thereof, to sell other property of Harris, &c. The marshal returned, that on the 18th of October, 1852, he had seized Hannah under the distringas, and sold her on the 1st of November, 1852, to Bibb & Hopkins, for $375. The record was duly certified by the clerk and judge.

The plaintiff objected to the admission of this record in evidence; but the objection was overruled, and he excepted. The defendant then proved by Wm. Yerger, that he was counsel in the case of *Martin, Pleasants & Co.* v. *Harris,* trustee, that James Shirley, one of the parties to the present suit, and husband of Adeline Shirley, was present at the trial, and was active in assisting and counselling in the defence of the same, and stated, while defending the same, that he was representing the interest of his wife and children. There were several trials of the case, all on the merits, and all resulting in verdicts declaring the slave subject to the judgment as the property of James Shirley; that he recollected that the *ex parte* order by the Vice Chancery Court appointing John G. Harris claimant, as trustee, was ruled out at the trial in the United States Court, and thinks also, that the deed of Marsh, and Leigh, Maddox & Co. was, but is not certain. Exception was taken to the admission of this evidence, but it was overruled, and the plaintiff excepted.

The third bill of exceptions states, that after the transcript set out in bill of exceptions No. 2 was read, the plaintiff offered the

VOL. IV.—42

deposition of Wm. H. Brown, the clerk of the United States Court, which stated that the final record in the case of *Martin, Pleasants & Co.* v. *James Shirley*, was made out by a young man, named Coleman, not a sworn deputy of the late clerk, William Burns; that the minutes of the court, in May, 1837, were signed only by William Burns, the clerk. Mr. Brown accompanied his deposition with a copy of the final record, showing a complete judgment in all its parts, duly certified by him as clerk, and attested by the judge; and he also gives a transcript from the minutes of May, 1837, showing a verdict, but no judgment. On the objection of the defendant below, the court excluded this deposition and the accompanying exhibits, and the plaintiffs excepted. The plaintiffs then moved to exclude the distringas and the marshal's return, but the motion was overruled, and to this the plaintiffs again excepted.

*David Mayes*, for plaintiff in error.

1. The plaintiff's demurrer to the second defence, contained in the defendant's answer, remains unjoined and undecided, and this is error.

2. The evidence of Wm. H. Brown, and the other evidence offered, to show that the paper purporting to be a copy of the final record was not a record, was improperly rejected; whether an instrument produced as such is in fact a record, must always be open to inquiry. 4 Phillips' Evidence (Cowan and Hill), 272. A record is conclusive between the parties; but what is, or is not, a record, is a matter of fact to be proved like any other fact. 1 Pickering, 362.

3. There was no judgment in the case of *Martin, Pleasants & Co.* v. *James Shirley*, and all proceedings by execution on the claim of the pretended trustee were void. A verdict, without producing the judgment, cannot be given in evidence. 1 Starkey on Ev. 245.

The clerk, in making up the final record, has no authority to enter a judgment; he can only transcribe the judgment entered on the minutes. 2 Cushman, 187. Minutes of the court openly read each day, corrected, and signed by the court, constitute in law, the true record. These are the acts of the court; the other is a mere copy of the originals for their greater security and preservation; it is the act of the clerk. If there be a difference, the original must be produced. 11 S. & M. 206.

In this case there was no act of the court, no judgment pronounced on the verdict, and no signing by the judge of any minutes, even of the swearing of the jury and the verdict. All was the mere act of the court. The statute requires that the minutes be signed by the judge: Hutch. Code, 736, § 159; and this must govern in United States Courts. 4 U. S. Stat. at Large, 280; *Thompson* v. *Phillips*, Baldwin C. C. 274.

4. The proceeding on the trial of the right of property, was improperly admitted in evidence. The appointment of the trustee who set up the claim, was void for want of the proper parties. 2 Cushman, 597; 13 S. & M. 5; Hill on Trustees, 305; Story on Agency, 35.

Judgments only bind parties. 14 Johns. R. 81; 1 Starkey on Ev. 191 (margin); 1 Howard Miss. 61; 2 Howard Miss. 820; 1 Starkey on Ev. 184. Fearne was no party, and if the Shirleys had been, they are not bound; there must be mutuality. 1 Starkey on Ev. 185.

It is proved that James Shirley was present at the trial of the right of property, and said he represented Mrs. Shirley, and he is a party here, but he is only a formal party here. Neither Mrs. Shirley, James Shirley, nor Fearne were parties, and, as before shown, the record bound none of them.

5. The deed to Mrs. Shirley and children was improperly excluded. The plaintiffs had a right to begin their evidence at any part of it, and as to some of the grantors, it had been recorded, on proper proof or acknowledgment. 9 S. & M. 325; 13 S. & M. 381.

An absent partner may be bound by the deed of his copartner, if there was parol authority or subsequent adoption. 3 Kent's Com. 48.

6. The plaintiff could not legally levy on the slave. The execution is his warrant, and he must conform to it. 4 S. & M. 621; How. & Hutch. 621.

As to distringas, see Tucker's Com. 330, 337; 11 S. & M. 51.

On a distringas, plaintiff can neither distrain the property for which the writ issued, nor seize and sell it to pay the damages mentioned in it. 5 Munf. 165, 171.

That the whole proceeding of Martin, Pleasants & Co. was void, by reason of no judgment. See, also, 5 Yerger, 318, 385; 4 S. & M. 545; 5 How. Miss. 184.

*W. C. & A. K. Smedes*, for defendant in error.

1. The first ground we rely on, for the affirmance of the judgment below, is, that the record does not contain either the law or the facts, upon which the verdict below was based, and therefore this court cannot say, that the verdict is erroneous, and ought to be set aside. For aught this court can know, upon the whole case as it appeared before the court and jury below, the decision was right. We understand the rule to have been repeatedly laid down here, so that it is now settled doctrine, that this court will not disturb a verdict, unless it be made affirmatively to appear, that upon a different trial a different result would ensue. Improper proof has been admitted, and yet the verdict has been upheld, because it did not appear, that had it been excluded, it would have changed the result. Proper proof has been excluded, and the verdict upheld, because it did not appear, that had the proof been admitted, the result would have been different. So proper instructions have been refused, and improper granted, and the court has refused to disturb the verdicts. In this case, three bills of exception were taken; one to the exclusion of a deed; one to the admission of the testimony of Judge Wm. Yerger, to prove the identity of subject-matter in controversy in this suit, with that in controversy in another, as well as identity in parties; and the third bill of exceptions was to the refusal to exclude a distringas. This is the whole record; and the court below might have been wrong in its action in each case, and yet the verdict on the law and facts been right; for all the proof, neither for plaintiff nor defendant, is before the court.

2. But we think there was no error in any of the rulings of the court below; and we will proceed to examine the different grounds of exception.

The first was to the exclusion of the deed purporting to be from Marsh and Leigh, Maddox & Co. to D. O. Shattuck and B. F. Caruthers, for the use of Adeline Shirley, wife of James Shirley, James J. Shirley, and Frederick Shirley, "and the future issue of said James and Adeline Shirley, if any." This deed does not state who constitute the firm of Leigh, Maddox & Co. It was signed, "S. B. Marsh, Leigh, Maddox & Co., in liquidation. D. O. Shattuck,. B. F. Caruthers."

There were two attesting witnesses to S. B. Marsh's name, only

one of whom proved his acknowledgment, and he does not say, that he attested it in the presence of the other witness, as required by the statute. There was therefore no proof of the execution of this deed as to Marsh, one of the grantors. It is true the High Court has decided, that where there is but a single subscribing witness, his proof will be sufficient; but where there are two witnesses, the same case decides that the acknowledgment must pursue the form of the statute. See *Wilkins* v. *Wells*, 9 S. & M. 325; see also *Chaplain* v. *Briscoe*, 11 Id. 372; *Morse* v. *Clayton*, 13 Id. 373.

There was also no proof of the execution of the deed, by either Leigh, or Maddox, or any other member of the firm of Leigh, Maddox & Co., except Ewing, who is named in the deed, and whose acknowledgment is made on the 6th of July, A. D. 1847, six years and a half after the date of the deed. There being no proof of the execution of this deed by the grantors, it was clearly no error to rule it out.

3. The second bill of exceptions was to the admission of the record from the United States Court, of the trial of the right of property between John G. Harris, trustee for Adeline Shirley, James J. Shirley, Frederick Shirley, and Alice Shirley, and Martin, Pleasants & Co., in which a negro girl slave, named Hannah, was adjudged to be the property of James Shirley, and subject to an execution, in favor of Martin, Pleasants & Co., against him; and also to the further proof made by William Yerger of the presence of James Shirley at those trials, and his representations as to whom he represented, and the fact of the trial on the merits in that court. This was clearly competent proof. The simple question was, were these the same parties in the two different suits? The courts always look to the real parties, and give effect to the former suit accordingly. See *Head* v. *Perry*, 1 Monroe, 253; *Trustees of Charlotte Hall School* v. *Greenwell*, 4 Gill. &. John. 407; *Bradstreet* v. *Clarke*, 12 Wend. 602, 670, 671. This last case decides it to be the same rule in the case of a married woman. So it has been decided in the case of minors. *Martin* v. *Martin's Heirs*, 5 Mart. Lou. Rep. N. S. 165. See also Phillips on Ev. (Cow. & Hill's notes), ed. of 5 vols., vol. 4, part ii, pp. 166 and 167. The case between the same parties in effect, having once been tried, and

the title to the slave adjudged, it will not be again retried; and this disposes of the second exception.

4. The third and only other ground of exception was to the exclusion of the proof of William H. Brown, clerk of the United States Court, who swore that the final record of the original judgment, in favor of *Martin, Pleasants & Co.* v. *James Shirley*, rendered in 1837, was made out by an unsworn deputy of William Burns, then clerk of the court; and that the minutes of that term were not signed by the judge; nor was the judgment entered at length upon the verdict.

This deposition was not excluded improperly, because, 1st. The copy of the final record of the judgment, rendered in 1837, was duly certified by the clerk, and attested by the judge; and was thus made evidence under the Act of Congress; and it was not competent for the same clerk to disprove his certificate. It would be destroying the validity of the record, by parol proof. It is true this court has decided, in relation to judgments in the courts of this State, that where there is a conflict between the minutes of the court and the final record, the former will prevail. But the court has never admitted parol proof to destroy the validity of the final record itself; nor has the court ever extended its decisions in that class of cases to judgments of other jurisdictions; in a word, to the judgments of foreign courts.

Every one familiar with Stephens on Pleading has been informed that in England, from which we get our system, it is never customary to make out the final record, as we call it, or the record complete of any case, unless an appeal or writ of error is prosecuted from it, or an exemplification is needed for use in some other proceeding. At the time of the trial, nothing but the verdict is entered on the minutes of the court; and the judgment, which is a legal conclusion from the verdict, is not copied, except in the cases stated. This is done from motives of economy and for despatch. Now our statutes may have created a different rule for our State courts, and our High Court may be considered to have so held; but they have not laid down a similar rule for all the courts in the United States, nor of the world. Suppose this were an action upon the record of a judgment in the King's Bench, duly exemplified, would parol proof be admitted to show how the *postea* had been written out, or

by whom, when it had the seal of the court, and the proper authentication? Especially when that affidavit showed, that all which the English law recognized, had been duly entered by the clerk, and that the judges never signed the minutes or the record? Now in this particular case, it appears that prior to the year 1837, it was never customary in the United States Court for the judge to sign the minutes, or for the entries to be made at full length. Previous to 1837, these things were not done in that court. But, 2d. We do not think it very material whether there was error in admitting the record of the judgment in favor of *Martin, Pleasants & Co.* v. *James Shirley*, rendered in 1837, as its admission was not at all necessary to sustain the defence, and therefore the evidence of Brown assailing it, not material. The issue made upon the trial, of the right of property, at the November Term, A. D. 1846, was a distinct suit in that court; and the entire record in it is complete and perfect, and without exception of any kind. It was in this suit, which, according to our statute, is but an action of detinue in another form, that the right to Hannah was adjudged; and it was under the verdict, judgment, and execution in that case, that the slave Hannah was purchased by Fearne. So that, even if the original judgment, in favor of *Martin, Pleasants & Co.* v. *James Shirley*, were defective, that of Martin, Pleasants & Co. against John G. Harris, claimant and trustee, was not; and under that last alone, the defence could rest and predicate its right. But, 3d. The levy of the original execution on the original judgment, in the case of *Martin, Pleasants & Co.* v. *James Shirley*, on property of the latter, and the making up of an issue in the United States Court, upon that levy, to try the right of property, is a recognition by that court of the validity of its own judgment, which the Circuit Court of Warren county could not disregard.

5. Another exception was taken to the admissibility of the distringas in proof. It was certainly competent evidence, and its effect could only be questioned in the court that issued it, on a motion to quash, or set aside the sale under it.

HANDY, J., delivered the opinion of the court.

This case comes up upon several bills of exception taken to the

rulings of the court below upon questions of evidence raised on the trial.

Before we proceed to consider these questions, it is necessary to dispose of a preliminary ground of error, insisted on in behalf of the appellants.

It is objected that the record does not show that the plaintiffs' demurrer to the original answer of the defendant, was disposed of; and that it was error to proceed to the trial of the case, upon the issues of fact, without a decision upon the demurrer.

It appears by the record, that the original answer was filed at October Term, 1852, and at the same term, that a demurrer thereto was filed.    At the same term, which was continued until December, 1852, the defendant obtained leave to file additional answers within sixty days, and accordingly filed, what is described as an amended answer.    That answer meets all the objections and deficiencies in the original answer, as set forth in the demurrer, and its contents and the circumstances of the case, justify the presumption that the demurrer was admitted to be well taken, and that this amended answer was considered as filed to meet the objections therein stated. Under such circumstances, we do not think that it could be justly held that the demurrer was not disposed of.

We will proceed to consider the questions raised by the several bills of exception.

The first exception was taken to the exclusion of a deed of trust, purporting to be executed by Samuel B. Marsh and Leigh, Maddox & Co., to Shattuck and Caruthers, as trustees; and this presents the question, whether this deed was sufficiently acknowledged and proved by the grantors, to admit it to registration.

The execution of the deed, by Marsh, appears to be attested by two subscribing witnesses, but the proof of the execution is made by the affidavit of only one of them.    And that, it is insisted, is insufficient.    But it is held, in the case of *Wilkins* v. *Wells*, 9 S. & M. 325, that one subscribing witness to the execution of a deed is sufficient; and if that be true, it is difficult to perceive how the proof of execution by one of the subscribing witnesses, where there are two, should not be sufficient.    For the other may be regarded as supernumerary.    This was therefore, not sufficient to exclude the deed.

The deed was signed, and purported to be executed by Leigh, Maddox & Co. It was acknowledged by "James S. Ewing, one of the firm of Leigh, Maddox & Co., as his act and deed, and the act and deed of said firm;" and the objection against it is, that it was not shown to have been either executed or acknowledged by the members of the firm. In answer to this, it is said that the execution by one partner would bind the firm if he had authority to make the deed at the time, or if it was subsequently ratified by his copartners. But no authority or subsequent adoption was shown in this case, and it cannot be presumed to exist. If there was proof of any such state of facts, it should have been adduced when the deed was offered, and in the absence of such proof, or at least of any notice that it would be adduced, the deed was inadmissible.

But it is said that the deed was sufficiently executed by Marsh, one of the grantors, and that it should therefore have been admitted in evidence, as his deed. This is true, if the deed had been offered as evidence of the conveyance of the interest of Marsh only. But such was not the object of the evidence. The property, mentioned in the deed, is shown thereby to have been the joint property of Marsh, and Leigh, Maddox & Co.; and the deed could have been introduced for no other purpose, so far as the record shows, than to show a conveyance of the title to trustees for the benefit of Mrs. Shirley and her children; and if the deed was ineffectual as to one of the grantors, it could not operate as a conveyance of the title purporting to be conveyed.

The second exception was taken to the admission of a transcript of the record of the proceedings and judgment of the Circuit Court of the United States, in this State, on a trial of the right of property, in the slave in controversy in this case, in which Martin, Pleasants & Co. were plaintiffs, and John G. Harris, trustee for Mrs. Shirley and her children, was claimant, in which it was decided that the slave was the property of James Shirley, and liable to the execution of Martin, Pleasants & Co. against him, which was levied on the slave, and which gave rise to that suit. This transcript also contained the execution issued on the judgment rendered on that trial, and under which the defendant here, purchased the slave.

This record was offered to show, that in the same suit under which the defendant in this action derived his title, the title to the slave had been adjudged against these plaintiffs.

It is now insisted that it was improperly admitted for several reasons.

First. It is said that the appointment of the trustee who set up the claim, was void, for want of proper parties, and, therefore, that the judgment thereon was no evidence against the plaintiffs. But this record shows nothing, with respect to the manner in which the trustee was appointed, and the presumption is that he was properly clothed with the powers of a trustee. Secondly. It is said that the defendant here was not a party to that suit. But he claims title in virtue of it, and it is surely not necessary, that a person who claims title to property under a judgment or execution against certain defendants, should have been a party to the suit, in order to enable him to show, in an action for the same property between those defendants and himself, the judgment or execution under which he claims, and by which their title has been adjudicated. The judgment is conclusive of the title of the parties against whom it is rendered, whenever the title has been the subject-matter of the suit, and has been adjudicated. Thirdly. It is said that the defendant acquired no title under the distringas by virtue of which the slave was sold. If that be true, it is not a sufficient objection to the admission of the record of the judgment and distringas, which appear in the transcript offered in evidence; for though the defendant may not have acquired any title by his purchase under that writ, yet it was competent for him to show by the judgment that the title to the slave had been adjudged against the plaintiffs. And if the sale was illegal, it was competent to show by the distringas that the legal title was still in the marshal, and thereby show that the plaintiffs were not entitled to recover. This objection therefore, if it have any force, goes rather to the legal effect of this evidence, than to its admissibility. And we think that it was properly admitted.

An exception was also taken to the admission of the testimony of the witness, Judge Yerger. The purport of this testimony was, that the present plaintiffs were represented in the trial of the right of property above mentioned, by James Shirley, who then

stated that he was representing the interests of his wife and children. This was competent, for the purpose of showing that the parties in interest in that suit, were the same as the plaintiffs in this, and that their title to the property is concluded by that judgment, and cannot again be litigated by them against one claiming title under that judgment.

The last exception taken was to the exclusion of the deposition of William H. Brown, clerk of the United States Court, which was offered to prove that there was no proper record of the original judgment, upon which the execution was issued, which gave rise to the trial of the right of property above mentioned. The deposition was offered to invalidate the transcript of the record of that judgment, duly made and certified, which had been offered in evidence. The question here raised has already been decided by this court, upon very full argument and much consideration in *Mandeville* v. *Stockett*, 28 Miss. 398, and we are entirely satisfied with the correctness of that decision.

Let the judgment be affirmed.