## C. B. HAINES ET AL. V. CLAUDE WEST ET AL.

### No. 1771. Decided December 18, 1907.

**1.—Judgment—Insanity.**

A judgment against an insane person was not void; it was binding on defendant in another suit involving the right to property determined by it; and error in the latter proceeding in the finding as to defendant's sanity at the time of the former was immaterial. (P. 230.)

**2.—Judgment—Parties—Misnomer.**

One voluntarily making herself a party defendant in a suit, though not by her true name, was bound by a judgment against her therein; and parol evidence was admissible to identify her as a party to the action. (P. 230.)

**3.—Judgment—Recording—Innocent Purchaser—Misnomer.**

The statute requiring judgments recovering title to land to be recorded (Rev. Stats. art. 4649) makes the unrecorded judgment not void, but inadmissible in evidence as against innocent purchasers; where correctly recorded, the purchaser is not protected against its effect by the fact that, owing to a misnomer of the defendant in the original proceedings and judgment, the record did not give the true name of the person against whom it was rendered. (Pp. 230, 231.)

Error to the Court of Civil Appeals for the First District, in an appeal from Jefferson County.

Caroline Haines and others obtained writ of error upon the affirmance, on their appeal, of a judgment recovered against them by West and others.

*Rowe & Rowe, J. S. Wheeless, Wm. L. Thompson* and *N. A. Rector,* for plaintiffs in error.—The statements in a pleading, where names are not idem sonans with the true name, can not affect one with notice who buys from the true owner, even if it were intended that the right person should be sued, nor would this rule be changed as to an innocent purchaser, even though it could be shown (as was not attempted here) that such person, though sued in the wrong name, was actually served with citation.

For a judgment to be binding on a person or notice to a purchaser from said person, the persons sought to be bound must be sued in their correct Christian name, and the judgment against Caroline Henderson would not operate as notice against a purchaser from Caroline Haines, and such a judgment may be attacked collaterally.

The judgment against Caroline Henderson did not bind Caroline Haines. Freeman v. Hawkins, 77 Texas, 498; McRee v. Brown, 45 Texas, 506; Dunlap v. Southerlin, 63 Texas, 38; Croom v. Winston, 43 S. W. Rep., 1072. A void judgment is an absolute nullity. Milam Co. v. Robinson, 47 Texas, 232; Thouverein v. Rodrigues, 24 Texas, 476. A void judgment may be attacked collaterally in any court. Bender v. Damon, 72 Texas, 94; Morris v. Halbert, 36 Texas, 22. Judgment held void where wrong Christian name used. Farnham v. Hildreth, 32 Barb., 277; Freeman v. Hawkins, 77 Texas, 498; Ford v. Doyle, 37 Cal., 346; Boynton v. Chamberlain, 38 Texas, 605. Illustration of where not idem sonans. Banks and Burks are not, 82 Texas, 267; Nuckels and Nichols are not, 2 Texas Civ. App., 448; Favers and Faver are not, 46 Texas, 205; Orr & Lindsley and Orr & Lindsey are not, 75 Texas, 530; Townsend and Townsen are not, 50 Texas, 152; Brow and Brown are not, 30 Texas, 78.

A judgment against an insane person is void unless such person is properly represented by guardian or next friend, and an attorney volunteering to bring such person before the court in any other capacity his acts will be treated as void, and any judgment so taken is void.

Reasons why judgment of 1870 is void as to Caroline Haines, and therefore subject to collateral attack. First: On account of misnomer. Boynton v. Chamberlain, 38 Texas, 605; Freeman v. Hawkins, 77 Texas, 498; Dunlap v. Southerlin, 63 Texas, 38. Second: Because insane at the time, and has been ever since. Third: Not represented by guardian or next friend. In Whetstone v. Whetstone, 75 Ala., 495; 11 (Old Ed.) Am. & Eng. Ency. Law, 126, it is held that while a non compos may sue by next friend, yet a mere volunteer who institutes such suit always proceeds at his peril, and his acts can be repudiated. Fourth: No evidence that

Caroline Haines authorized Leonard to represent her, or if she did, it would not be binding. Fifth: She was a married woman, and husband not joined with her in the suit, and no reason shown nor alleged why he did not. Sixth: No service shown or recited. Moore v. Perry, 13 Texas Civ. App., 211; Witt v. Kaufman, 25 Texas Sup., 385; Murchison v. White, 54 Texas, 82, 77 Texas, 82.

And if not subject to collateral attack, said judgment can be directly attacked, as was done by the pleading. Crawford v. McDonald, 88 Texas, 626. Bill to cancel is direct attack. Scanlan v. Campbell, 22 Texas Civ. App., 506; Graham v. East Texas Land Co., 50 S. W. Rep., 580; Schneider v. Sellers, 61 S. W. Rep., 543.

Pleading sufficient in trial to set aside. Moore v. Perry, 13 Texas Civ. App., 211; East Texas Land & Imp. Co. v. Graham, 24 Texas Civ. App., 529. Power to sue in District Court to set probate sale aside. Fisher v. Wood, 65 Texas, 200; Dodd v. Templeton, 76 Texas, 57. And no length of time will bar the right of such person to sue or bring action to set aside a judgment. Killfoil v. Moore, 45 S. W. Rep., 1024.

The record of the judgment of West v. Sarah Ann Chesher et al., of date December 2, 1870, did not affect or constitute notice to the plaintiff Ollie Rowe as a bona fide purchaser for value, as he having qualified as such innocent purchaser for value, and the defendants not having rebutted said evidence, he was entitled to recover the land so purchased by him. One is an innocent purchaser when he pays value for property without notice of an adverse claim (or when by law a record notice is required), such record is not such as to imply notice. Love v. Berry, 22 Texas, 378; Moore v. Curry, 36 Texas, 670; Honey v. Davis, 38 Texas, 63; Reeves v. Petty, 44 Texas, 255; Taylor v. Harrison, 47 Texas, 459; Eylar v. Eylar, 60 Texas, 320; Rose's Notes, vol. 3, p. 334.

If it be concluded that there was a judgment against the parties from whom Ollie Rowe purchased, the same was never recorded in deed record of Hardin or Jefferson County. "No judgment or decree determining the right to land could be offered in evidence until duly recorded in the county clerk's office of the county where said land or a part thereof is located, where bona fide purchaser is concerned." Russell v. Farquhar, 55 Texas, 355; Henderson v. Lindley, 75 Texas, 185, approved in Benson v. Cahill, 37 S. W. Rep., 1089, 24 S. W. Rep., 937; Secrest v. Jones, 21 Texas, 121; Art. 4649 (4339); Sayles' Statutes; Pascal Dig., 5023, passed Feb. 9, 1860.

*O'Brien, John & O'Brien, W. W. Cruse* and *J. D. Lipscomb,* for defendants in error:—The judgment against Caroline Haines, describing the very land in controversy in the most certain manner, showing a most unequivocal intent to quiet the title to it, and only it; and duly registered in 1877, constituted constructive notice to everyone who had to do with it thereafter; that the title to it had been adjudicated in the proceedings wherein the judgment was rendered; and since those proceedings were against "the daughters and heirs" of T. D. Yoakum, a purchaser from one of them is charged

with constructive notice that the claim of the "daughters and heirs" of T. D. Yoakum was extinguished by the judgment.

The essential elements in a chain of title are the successive acts relating to the specific property, and discrepancies in the names of the parties are not deemed highly material when the land is sufficiently described at each step and there is enough in the documents and other known history of the title to reasonably indicate its true course; that is, to indicate the identity of the recipient in each transaction with the transmitter in the next. Ouimet v. Sirois, 124 Mass., 162; Gillespie v. Rogers (Mass.), 16 N. E. Rep., 714; Alexander v. Graves, 41 N. W. Rep., 290, 25 Neb., 453; Chamblee v. Tarbox, 27 Texas, 144; Cook v. Caswell, 81 Texas, 683.

Judgments are always rendered with implied reference to the pleadings and need not recite all that is in the pleadings in order to have full operation to the extent warranted by the pleadings. Little v. Birdwell, 27 Texas, 692; Hays v. Yarborough, 21 Texas, 488. Judgment can have no effect beyond what is authorized by pleadings. Williams v. Barnwell, 78 Texas, 327; Sears v. Green, 1 Posey, 734.

Equity only favors the diligent and honest and protects none as bona fide purchasers who, by reasonably careful inquiry into obvious probable sources of information, could have obtained such knowledge as to have saved themselves. Pomeroy, secs. 597, 606, 608; Briscoe v. Bronaugh, 1 Texas, 334; Hill v. Moore, 85 Texas, 355; Allday v. Whitaker, 66 Texas, 673; Delmazzo v. Simmons (Ky.), 78 S. W. Rep., 179.

An insane person's conveyance through a purported agent can not be given any effect against one to whom such insane one, while competent, had transmitted his entire interest in the subject matter. 1 Am. Ldg. Cases, note, 247; Story on Agency, sec. 6; Warvelle on Vendors, sec. 597; Dexter v. Hall, 15 Wall., 9; Ferguson v. Houston, E. & W. T. Ry. Co., 73 Texas, 344; Houston, E. & W. T. Ry. v. Ferguson, 73 Texas, 349; Bishop on Contracts, 361-2; National O. & P. L. Co. v. Teel, 95 Texas, 586; Cole v. Bammel, 62 Texas, 117.

MR. JUSTICE BROWN delivered the opinion of the court.

The land in controversy was situated in Jefferson County, Texas, until 1858, when the legislature created Hardin County embracing a portion of Jefferson. The dividing line between the two counties passed through the survey in controversy, which consisted of 1,500 acres of land that had been granted to T. D. Yoakum, under whom all the parties claim title. It is unnecessary for us to set out the facts in detail. The following statement will be sufficient for a decision of the questions which we regard as material.

In the year 1870 a suit was pending in the District Court of Jefferson County by Ralph West, administrator of Richard West, deceased, against Anna Chesher. Sidney Cole, Evaline Cotton and Caroline Haines, under the name of Caroline Henderson, made themselves parties defendant, alleging that Anna Chesher was their tenant and that the land belonged to them as the children of said Yoakum. In 1870 the court entered judgment in that case against

Anna Chesher and the other defendants; Sidney Cole, Evaline Cotton and Caroline Henderson, married women, whose husbands were not joined, which judgment was duly recorded in Jefferson County in 1877. In 1897 Ollie Rowe bought that part of the land which lies in Hardin County by deed from the said Sidney Cole, Evaline Cotton and Caroline Haynes, joined by their husbands. On the 22d day of December, 1904, two suits were pending in the District Court of Jefferson County involving the lands in controversy; they were consolidated and an amended petition filed in which the said Sidney Cole, Evaline Cotton and Caroline Haines, joined by their husbands, and Ollie Rowe, were made parties plaintiff against Claude West and others, the claimants of the land under the former judgment. The latter case was tried before the judge without a jury who filed findings of fact, from which our statement is made, and gave judgment for the defendants, which was affirmed by the Court of Civil Appeals.

We find it unnecessary to discuss the different assignments of error presented by the plaintiffs in error to this court, but shall confine ourselves to those which we regard as necessary to be determined.

It is claimed that the undisputed evidence shows that Mrs. Caroline Haines was insane at the time that the judgment of 1870 was rendered in the District Court of Jefferson County and that the trial court in this case erred in finding that she was at that time sane. The error is immaterial because if she was insane the judgment was not void and would bind her in this suit. (Freeman on Judgments, sec. 152; Ewing v. Wilson, 63 Texas, 88.)

On behalf of Mrs. Haines and Ollie Rowe it is objected that Mrs. Haines was not a party to the suit in which the judgment of 1870 was entered. It is sufficient answer to say that she voluntarily made herself a party to the suit under the name of Caroline Henderson and was in fact a real party to the suit. Parol evidence was admissible to identify her as a party to the action. (Freeman on Judgments, sec. 175; Tarleton v. Johnson, 25 Ala., 300, 60 Am. Dec., 515; Shirley v. Fearne, 33 Miss., 653, 69 Am. Dec., 375.)

Ollie Rowe claims to be an innocent purchaser in good faith for valuable consideration from Caroline Haines. This presents the only substantial question in this case. The judgment of 1870 divested Caroline Haines of all title to the land, therefore she had nothing to convey to Ollie Rowe and if he is entitled to any protection as an innocent purchaser it must arise under the statutes of our State concerning registration. Article 4649, Revised Statutes, reads as follows: "Every partition of any tract of land or lot, made under any order or decree of any court, and every judgment or decree by which the title of any tract of land or lot is recovered shall be duly recorded in the clerk's office of the county in which such tract of land or lot or part thereof may lie, and until so recorded, such partition, judgment or decree shall not be received in evidence in support of any right claimed by virtue thereof." The judgment in this case was recorded in Jefferson County before Ollie

Rowe became a purchaser. It was held in the case of Thornton v. Murray (50 Texas, 161), and Russell v. Farquhar, (55 Texas, 355), that this statute was passed for the purpose of protecting purchasers in good faith. It will be observed that this article does not declare all unrecorded judgments to be void as to subsequent purchasers in good faith without notice as in case of unrecorded deeds, but provides that such unrecorded judgments shall not be admissible in evidence against innocent purchasers in good faith. The judgment in this case having been recorded and being admissible in evidence, fully complies with the statutory requirement and the court can not interpolate into that statute any conditions which were not therein expressed whereby the innocent purchaser would be protected. It was the policy of the Legislature to provide for the protection of the innocent purchaser by permitting him to have the decree excluded upon a trial of the right to the property, which would be as effective as the provisions of the article with regard to deeds, if the instrument was not recorded as required by law. Mrs. Haines having no title to convey to Ollie Rowe, he, not coming within any provision of the statute by which he would receive protection against the judgment, can not be accorded the protection as an innocent purchaser under Article 4640, which applies specifically to unrecorded deeds, therefore the question whether the language of the judgment would give him notice that Mrs. Haines was a party to that judgment is immaterial—he stands or falls on Mrs. Haines' title.

It is ordered that the judgment of the Court of Civil Appeals be affirmed.

*Affirmed.*