CHARLES SHOWS *v*. STATE.

[60 South. 726.]

1. CRIMINAL LAW. *Records of court. Presumptions. Misconduct of counsel.*

  Because that part of the minutes of the court which showed that the grand jurors were sworn, as required by law, were interlined in a different handwriting and ink from the body thereof furnishes no presumption, in the absence of proof, that such part was made some time after the body of the order was written and after the indictment was returned.

2. PUBLIC RECORDS. *Verity. Conclusiveness.*

  A public record imports absolute verity and every public record is presumed to be correct and must be tried by itself.

3. CRIMINAL LAW. *Misconduct of counsel.*

  The remark of a district attorney on the trial of a criminal case, that "if the jury did not convict on the testimony they might as well tear the roof off the courthouse, and throw the law books away" was not reversible error.

APPEAL from the circuit court of Simpson county.

HON. W. A. HUGHES, Judge.

Chas. Shows was convicted of manslaughter and appeals.

The remarks of the district attorney referred to in the opinion and excepted to in a special bill of exceptions by counsel for the defendant are as follows: "If you

don't convict this defendant on this testimony, you had as well tear the roof off the courthouse and throw the law books away.''

*J. B. Sullivan, L. E. Magee & Bee King,* for appellant.

Charlie Shows was indicted for murder by the grand jury of Simpson county, Mississippi, at the November, 1908, term of the circuit court, and was tried at the March, 1912, term of said court and convicted of manslaughter, and sentenced to the state penitentiary for a term of five years.

This case should be reversed because of the failure of the court to quash the indictment. The minutes of the circuit court show that the grand jury for the terms of court held in said county during the years of 1905, 1906 and 1908 were not sworn except that the November term, 1908, of said court shows by an interlineation that the grand jury was sworn and it was at tḥis time of the court that the question was first raised in the case of *Sandy Hays* v. *State,* on motion in arrest of judgment. See *Hays* v. *State,* 96 Miss. 153. As this interlineation was made in different handwriting and ink from the body of the order impanneling the grand jury, it was evidently made at a different time, of course by whom, or at whose suggestion, or at what time, we cannot say, but is well settled that the grand jury should be legally organized before it is authorized to proceed. See *Hays* v. *State,* 96 Miss. 154.

We feel furthermore that this case should be reversed on account of the remarks of the district attorney. Appellant being a negro and this being a very close case, the remark and actions of the district attorney, taken together with the failure of the court to instruct the jury, over the objeciton of the defendant, to disregard the remarks of the district attorney, we feel was sufficient to influence the action of the jury and cause them to render a verdict against the appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

It appears that counsel for appellant bases his hopes of reversal almost entirely upon the fact that the attorneys for Hays in the case of *Hays* v. *State,* 96 Miss. 154, secured a reversal of the Hay's case, because the grand jury had not been sworn as required by law in that case; and he introduced in evidence, on his motion to quash, the minutes of the court appearing at several different terms prior to the term at which appellant was indicted. His contention is that a part of the order on the minutes is in different handwriting and ink from the body of the order empaneling the grand jury, and infers from that that the order was not made at that term.

The record is to be treated here as carrying verity unless there was a distinct showing made of fraud. We cannot reach a conclusion unfavorable to the court on the regularity of the court at which the indictment was returned, because of any irregularities at any other term, and I submit that the showing made in this case is wholly insufficient to draw any adverse inference.

On the showing of this motion, Mr. Shepard, the present clerk, was introduced and read from the minutes of the court that the entry of a recital that W. P. Stroud was appointed and sworn as foreman of the grand jury, and at the close, that the other jurors were sworn, was written in a different colored ink. This witness also says that the writing does not appear to be the same handwriting or in the same ink. This seems to have been the only testimony on the motion to quash.

There is no showing by the clerk, who was circuit clerk at the time in 1908, as to the facts of the interlineation, if there was such a thing, and I submit that the proof is wholly insufficient to raise any such presumption. It is certainly to be presumed that a clerk will not alter a record, as such alteration would be a felony under

the Constitution, and subject him to severe punishment, in addition to the fact that the presumption of the law is that the officers do their duty, and that everything is legally and regularly done.

In making entries of court, it frequently happens that during a term of court some correction is made in looking over the minutes before their approval, and it may be that the clerk, on reading his records and entries prior to presenting them to the judge for his approval, discovers the omission, and inserts it, not using the same pen and ink that he used in writing the original judgment; or it might be that the court directed the clerk to make the entry when it was presented to him for his approval.

It would certainly be incumbent upon appellant on this motion to quash to make a conclusive showing that the entry was made after the adjournment of the court, because if the entry was made during the term of the court, it would be conclusively presumed to have been made after the direction and with the approval of the trial court. It certainly would be a bad precedent to say that because different parts of the minutes of the court were written in different ink or in different handwriting, that it was presumptively fraudulent.

The remarks of the district attorney are not ground for error. I assume that the district attorney thought he has a very strong case, and it has been the practice throughout trial history for them to comment on the failure of juries to respond to evidence. He didn't say to the jury that they should convict the appellant on anything other than the testimony in the case, and it would not be to the prejudice of the defense in any way, if they were to tear the roof off of the courthouse, especially as it is not shown in this record that it was raining. Perhaps the defendant would have been better off if the books had been thrown away and the courthouse torn down, before he had his inning with the jury.

REED, J., delivered the opinion of the court.

Appellant was indicted for murder, convicted of manslaughter, and sentenced to the penitentiary for five years. The record shows ample evidence to justify the jury in its verdict, and, in truth, it appears to us that the defendant has received light punishment for his offense.

A motion was made by appellant to quash the indictment on the ground that the minutes of the court did not show that the grand jury was sworn. Appellant contended that because a part of the minutes, which was interlined, and which showed that the grand jurors were sworn, as required by law, was in a different handwriting and ink from the body thereof, it therefore could be inferred that such part was made some time after the body of the order was written, and after the indictment was returned. We to not find in the record of this case any proof to sustain this contention. There can no presumption arise from the interlineation that it was an addition to the order, made at an improper time, and after the return of the indictment. The record shows that the grand jurors were sworn, and all formalities complied with. A public record imports absolute verity, and every public record is presumed to be correct. Such record must be tried by itself. 34 Cyc. 614; *Mandeville v. Stockett,* 28 Miss. 398; *Shirley* v. *Fearne,* 33 Miss. 653, 69 Am. Dec. 375.

We find no reversible error in the remarks made by the district attorney. It appears that the appellant was properly tried and convicted.

*Affirmed.*