DOCKERY *et al. v.* ZERKOWSKY *et al.*

(Division B.  June 5, 1939.  Suggestion of Error Overruled July 7, 1939.)

[189 So. 797.  No. 33744.]

Brandon & Brandon, of Natchez, for appellants.

**L. A. Whittington** and **Engle & Laub**, all of Natchez, for appellees.

Argued orally by **Gerard Brandon**, for appellants, and by **S. B. Laub**, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellees filed their amended bill in the chancery court of Adams County against appellants to remove clouds from and confirm their claim of title to forty-five acres of land in that county, the property rather extensively known as "Goat Castle," and for possession thereof, and to recover rents for its use. Appellants demurred to the bill, assigning general and special demurrers. The demurrers were overruled and an appeal granted to settle the principles of the cause.

The questions are: Whether one out of possession claiming title to land may resort to a court of equity to remove clouds; whether in their bill the appellees de-

raigned their title in accordance with law; whether the chancery court foreclosure proceeding, through which appellees claim title to land, and the chancery court proceeding authorizing the execution of the deed of trust, which was foreclosed, can be attacked collaterally.

The bill sets out in substance the following facts: On the 2nd of August, 1923, and long prior thereto, appellant Dana was the owner of the land involved. On that date appellant Octavia Dockery was duly appointed by the chancery court of Adams County and qualified as his guardian, he being a person non compos mentis. At the time there were certain outstanding debts and obligations "owing by said Dana and his estate to Charles Zerkowsky," to secure the payment of which the court, in its decree, authorized the guardian to execute a deed of trust on the land involved. That was accordingly done. Default was made in the payment of the indebtedness, and thereupon the beneficiary in the deed of trust, Charles Zerkowsky, filed his bill in the chancery court for its foreclosure. Both of these appellants were made parties to that cause. On final hearing a foreclosure decree was entered and a commissioner appointed to make the sale, which was accordingly made on the third day of February, 1930, at which sale Charles Zerkowsky, being highest and best bidder, received a conveyance from the commissioner, which was duly recorded in the chancery clerk's office of the county. Copies of the commissioner's report and the decree confirming the sale are exhibits to the bill. Charles Zerkowsky died on the 14th day of October, 1930, leaving a last will and testament, devising the property involved to the appellees, who own it as tenants in common.

From the time of the foreclosure sale up to the time of the filing of the bill in this cause in 1938, appellants have been in possession of the property involved, during which time various and sundry negotiations have taken place between the parties with reference to its repurchase by appellants, the payment of rent and other mat-

ters, in all of which appellees and Charles Zerkowsky, through whom they claim title, were recognized as the true owners of the land. During that period, the property was assessed for taxes to Charles Zerkowsky, which he paid, and after his death it was assessed to appellees, and they paid the taxes. It is averred in the bill that the delay on the part of the appellees in taking the necessary steps to get possession of the property was caused by the depression and the necessitous condition of appellants.

The bill charged that appellants were asserting title to the land upon the ground that the chancery court proceedings referred to were void.

Section 404 of the Code of 1930 appears to be a complete answer to the contention that the owner of land out of possession cannot resort to an equity court to remove clouds and confirm title. The statute plainly authorizes that to be done.

It is true that appellees do not deraign their title from the government down. Instead they deraign it to a common source, appellant R. H. C. Dana. That was all that was required under the law. In Griffith's Chancery Practice, Section 216, the principle is stated thus: "Where in a proceeding to cancel clouds it is shown that the parties claim from a common source it is not necessary to show title antecedent to that source, and if the complainants have the better claim the defendants claim will be cancelled whether legal or equitable." People's Bank v. West, 67 Miss. 729, 7 So. 513, 8 L. R. A. 727.

The chancery court proceeding authorizing the execution of the deed of trust, and its foreclosure, and the decree confirming the foreclosure, so far as collateral attack is concerned, are governed by the same rules that would apply if Dana had been sane at the time, except under Section 2323 of the Code of 1930 a non compos has the right of appeal to the Supreme Court at any time within six months after he becomes sane. As long as those decrees stood unappealed from, they were not subject to

collateral attack, except as any other judgment—for void-
ness on their face or fraud in their procurement. On their
face they are valid, and the bill contains nothing indi-
cating that they were procured by fraud.

The court had jurisdiction of the subject matter and of
the parties. That results in the presumption of validity.

Affirmed and remanded.