DANA *et al. v.* ZERKOWSKY *et al.*

(In Banc. Jan. 12, 1942.)

[5 So. (2d) 423. No. 34722.]

Brandon & Brandon, of Natchez, for appellants.

304

L. A. Whittington and Engle & Laub, all of Natchez, for appellees.

Argued orally by **Gerard Brandon,** for appellants.

**Alexander, J.,** delivered the opinion of the court.

This cause has once been before this court on interlocutory appeal to settle the controlling principles involved. Dockery v. Zerkowsky, 186 Miss. 31, 189 So. 797. Among

other principles settled was the right of appellees to maintain their suit to remove clouds and confirm title.

In February, 1917, proceedings were undertaken to have appellant Dana adjudged insane, resulting in a verdict of a jury so finding, and decree was entered thereon. Thereafter a guardian was appointed and there followed various proceedings involving the debts and property of the alleged incompetent. The original guardian having resigned as such, petition to have herself appointed guardian was filed July 31, 1923, by Miss Octavia Dockery, a friend of long standing, who had for many years resided upon Dana's property and had ministered faithfully to his needs. She was duly appointed as such guardian by a decree adjudging the propriety therefor. The guardian was, upon her application, authorized by the court to borrow the sum of $2,500 to be secured by deed of trust upon the residence property occupied by Dana. Such loan for the purpose of paying outstanding incumbrances and liens and for necessary repairs was procured from Charles Zerkowsky and, upon later default, bill was filed by the cestui que trust to have the amount of his indebtedness due thereunder fixed and for foreclosure. This bill was filed against Miss Dockery individually and as guardian of Dana, upon Dana individually, and the trustee in the deed of trust. Process was duly had upon all of said parties. Answer was filed by the trustee admitting the allegations of the bill. Decree pro confesso and final decree were later entered against all the defendants. This cause was docketed as No. 5223 and will be so referred to hereinafter.

Under such proceeding the property was duly advertised and sold to the said Charles Zerkowsky. Dana, by attorney, filed an objection to confirmation of the sale alleging that he was of sound mind, but if otherwise, he had never been legally so adjudged; and further that the appointment of Miss Dockery as guardian of his person and estate was unauthorized and all her acts as such were void. However, final decree was thereafter entered set-

ting forth the regularity of the proceedings leading to the making of the loan, its foreclosure and sale, confirming the acts of the commissioner appointed to make sale, and ratifying his deed to the purchaser Charles Zerkowsky. The court found that the property brought a fair price. The record discloses that writs of assistance were thereupon prayed for by the purchaser to procure possession of the property. Docket entries reveal counter moves by Dana, acting through next friend, to resist surrender of possession. Such ancillary proceedings extended over a period of several months and appear never to have been concluded by a final decree.

We come now to the proceeding which is involved in the appeal. Bill was filed by the heirs of Charles Zerkowsky, since deceased, against Dana and Miss Dockery individually, and against Miss Dockery as guardian, to remove the cloud on complainants' title which existed by reason of adverse claims set up by and for Dana. Title was deraigned to Dana as a common source. Answer and cross-bill, in which Dana appeared by next friend, were filed by defendants setting up the invalidity of the proceedings antecedent to the sale of the property to Charles Zerkowsky and the consequent invalidity of his title obtained under the foreclosure proceedings in Cause No. 5223. Particularly the defendants attacked the validity of the decree by which Dana had been adjudged insane on the ground that no process was served upon him as required by Code 1930, sec. 4576. Although such omission is patent upon the record as shown by exhibits to appellants' cross-bill, it will not be necessary for us to examine its effect, for reasons hereafter stated.

Putting out of view a consideration of the amenability of insane persons to suit generally (28 Am. Jur. "Insane, etc., Persons," Sec. 109; Haines v. West, 101 Tex. 226, 105 S. W. 1118, and case note, 130 Am. St. Rep. 839, 841), we come directly to an examination of the regularity and effect of the proceedings in Cause No. 5223 by which the land was ordered foreclosed and deed to Charles Zer-

kowsky ratified. Viewed apart from all prior proceedings it is seen as a proceeding complete in itself. This Cause No. 5223, isolated from all preceding events and controversies, consists of the following: Original bill by Charles Zerkowsky against Dana, Geisenberger the trustee in the existing deed of trust upon Dana's property, and Miss Dockery both individually and as guardian of Dana. Process was had upon all the defendants and through interlocutory and final decrees foreclosure was effected and title vested in complainant. There was no appeal.

In examining the regularity of the proceedings in Cause No. 5223 and their efficacy as res judicata, let us postulate the only two theories involving the mental competency of Dana. First, then, if he was sane the proceedings are regular and final, since he was not only properly summoned but appeared and resisted the entry of final decree upon the identical grounds which are urged in the instant case as a defense to the confirmation of Zerkowsky's title. Second, if he was insane, he was properly sued through Miss Dockery, who although designated guardian, was at least invested with the capacities of a guardian ad litem or next friend. Gillespie v. Hauenstein, 72 Miss. 838, 17 So. 602. The fact that Dana was represented throughout the litigation in a manner calculated to conserve and protect his rights is of more importance than the characterization of such representative. Aetna Indemnity Co. v. State, 101 Miss. 703, 57 So. 980, 39 L. R. A. (N. S.) 961; Hill v. Ouzts, 190 Miss. 341, 200 So. 254. Disregarding for the moment the right to sue an insane person directly, which we do not discuss, the trial court had the undoubted right to proceed as against a guardian ad litem, especially in view of Code 1930, section 398, which not only so states but further provides that decrees are not void or erroneous when there is a failure to appoint such guardian. If any unjustified doubts should remain that the interests of Dana were not conserved, the record supplies abundant evidence that the learned chancellor

throughout the entire course of the litigation conducted the proceedings in a manner consistent with an assumption that Dana was of unsound mind.

Since the purpose of appellees' bill is to confirm and quiet title, it is sufficient for us to hold only that in Cause No. 5223 the decree against Dana was valid whether he was sane or insane. Such decree is res judicata and appellees' title referable thereto was a sufficient basis for the relief prayed for herein. It is therefore unnecessary to consider the validity vel non of the adjudication of insanity against Dana nor of the original appointment of Miss Dockery as guardian of his person and estate.

Affirmed.