EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES
*v.* CURTIS HARTFIELD ET AL.

[40 South. Rep., 21.]

INSURANCE. *Life policy. Right to proceeds. Action by heirs. Code*
1892, §§ 1551, 1965.

> Under Code 1892, §§ 1551, 1965, the one section providing that the
> exempt property of a decedent shall descend to his heirs and the
> other that the proceeds of insurance on the life of a decedent
> to the amount of five thousand dollars shall inure to the benefit
> of his heirs free from liability for his debts, a life policy for one
> thousand dollars on the life of a decedent *prima facie* belongs to
> his heirs, and they have a right to sue thereon; if there be other
> policies, the aggregate sum of them all exceeding five thousand
> dollars, it is matter of defense.

FROM the chancery court of Pontotoc county.

HON. HENRY L. MULDROW, Chancellor.

Hartfield and another, the appellees, heirs of W. R. Hartfield,
deceased, were the complainants, and the insurance company,
the appellant, was defendant in the court below. From a decree
in favor of the complainants the defendant appealed to the
supreme court.

The suit was instituted in September, 1897, for the purpose of
collecting life-insurance money from the defendant company.
The decedent, Hartfield, made application for a life-insurance
policy in defendant company on August 29, 1896, for $1,000.
He was examined by the medical examiner and gave his note to
the soliciting agent for the first premium, which note the agent,
Marx, discounted and collected the money thereon. The appli-
cation and the medical examination were forwarded to the home-
office of the company. On the 25th of September, 1896, the
applicant was killed. He had never received the policy of insur-
ance. The testimony tended to show that the policy had been
written and was in the hands of the defendant's agent, Lake, at

Memphis.    The chancellor found from the testimony that the policy had not only been written, but had been issued as well, and decreed in favor of the complainants. The appellant insisted, among other things, that the heirs of the deceased Hartfield could not maintain a suit on the policy, even if it had been issued.

*J. W. T. Falkner,* and *Brame & Brame,* for appellant.

Granting there was a contract of insurance, this was a mere chose in action, payable to the assured, and therefore upon his death it went to his legal representative.    Hence, instead of proving that they had any contract or any interest in a contract of insurance with the defendant, the complainants proved that the alleged contract of insurance was payable to the assured himself, and consequently the title thereto, upon his death, devolved upon his personal representative.

The bill does not show whether the assured died testate or intestate; if intestate, then it does not show whether letters of administration on the estate had ever been granted.    It is not shown that the deceased owed no debts, and therefore that no administration of the estate was necessary, and that complainants, as heirs, had the right to maintain this suit.    In other words, complainants, as heirs of W. R. Hartfield, not only failed to show any title or right of action on their part, but affirmatively proved that the right of action, if any, was in the personal representative.    A recovery by them, or a receipt in full from them as heirs, would not protect defendant in a suit by the personal representative in whom the title is vested.

In order to avoid the effect of the fact that the complainants showed no title to the debt sued for, this court is asked to assume that the alleged contract of insurance was exempt.    Counsel say that *prima facie* it was exempt, and that it was incumbent upon the defendant to show that it was not.    This, we submit, is directly in the face of all our decisions, especially that of *Kitchins* v. *Harrall,* 54 Miss., 474.    Complainants, as heirs of W. R.

Hartfield, are not entitled to recover until they affirmatively show (1) that W. R. Hartfield died intestate; (2) that there is no administration upon his estate, and no necessity for one.

*R. V. Fletcher,* assistant attorney-general, for appellees.

The insurance policy was for less than $5,000, and as such is exempt property, and inures to the benefit of the heirs, or legatees, freed from all liability for the debts of decedent.    Code 1892, § 1965; *Coats* v. *Worthy,* 72 Miss., 575 (s.c., 18 South. Rep., 916); *Cozine* v. *Grimes,* 76 Miss., 294 (s.c., 24 South. Rep., 197).   And as such exempt property it descends, like other exempt personal property, directly to the heirs.    Code 1892, § 1551.   And such exempt personal property is no part of the estate to be administered, but descends directly, under the statutes. *Whitley* v. *Stephenson,* 38 Miss., 113; *Holliday* v. *Holland,* 41 Miss., 528; *Wally* v. *Wally,* 41 Miss., 657; *Mason* v. *O'Brien,* 42 Miss., 420.

Argued orally by *L. Brame,* for appellant, and by *R. V.* *Fletcher,* for appellees.

WHITFIELD, C. J., delivered the opinion of the court.

The objection that appellees had no right to sue is perfectly met by the second answer made by the learned counsel for appellees.    The policy is for $1,000 only.    Under Code 1892, § § 1551, 1965, and the decisions construing these sections, the amount of this policy was *prima facie* exempt property, inured to the   benefit of the heirs freed from all liability for debts of decedent, and descended to the heirs, forming no part of the estate to be administered by a personal representative.    If there were other policies, which, together with this one, aggregated more than $5,000, that was matter of defense which it was incumbent upon appellant to show in the court below.    The case of *Kitchins* v. *Harrall,* 54 Miss., 474, in no way conflicts with this view.    In that case the record affirmatively showed that the

title to the notes was in the indorsees, Scally and Pollard.   The record further showed that Pollard had died after bill filed, and there had been a renewal in the name of W. J. Pollard, son and heir at law, and Mary Pollard, widow, of said deceased.    *Prima facie,* as shown by the record, the title vested in the personal representative, and, nothing to the contrary appearing, the decree was properly reversed.    Here, *prima facie,* the record shows the title to the amount of this policy to be in the complainants, appellees.

On the merits it is sufficient merely to say that the testimony of Marx and Lake is in hopeless conflict, and we are not authorized to disturb the finding of the chancellor on the facts.

*Affirmed.*