HAGER *v.* COBURN.[*]

(Division A. April 9, 1928.)

[116 So. 540. No. 26968.]

*Corpus Juris-Cyc. References: Equity, 21CJ, p. 636, n. 54; p. 638, n. 7; p. 640, n. 32; p. 696, n. 56; Venue, 40Cyc, p. 96, n. 79.

*Wells, Stevens & Jones,* for appellant.

*Alexander & Alexander,* for appellee.

Argued orally by *J. Morgan Stevens,* for appellant, and *Julian Alexander,* for appellee.

Cook, J. The appellant, George Edward Hager, filed an original bill in the chancery court of the First district of Hinds county against the defendant, Mrs. Bessie Street Coburn. The defendant filed a motion to dismiss this bill of complaint on the sole ground that she was not a resident citizen of Hinds county, but her domicile and fixed place of residence was in Lauderdale county, and therefore the court had no jurisdiction of the cause. In the absence of defendant and counsel who filed the motion, it was taken up in term time, and, no evidence being offered in support thereof, it was overruled and a decree entered allowing the defendant five days within which to file her answer to the bill. Thereafter the defendant and her counsel appeared in court and presented an application to the chancellor to set aside the decree overruling the motion and to grant the defendant a new hearing thereon. The court granted a new hearing on the motion, and, after hearing evidence thereon, it was sustained, and a decree entered adjudging that the court had "no jurisdiction over the said defendant nor the cause of action," and from this decree this appeal was prosecuted.

The bill of complaint averred, in substance, that the Omaha Liberty Fire Insurance Company theretofore sued the defendant, Mrs. Bessie Street Coburn, in the chancery court of the First district of Hinds county, and recovered a final decree for eight thousand nine hundred six dollars and seventy-one cents, with interest and costs; that an appeal was prosecuted from that

decree to this court, and the decree was affirmed; that no part of said decree has been paid, save and except a small portion of the costs, and that it is still in full force and effect; that on November 29, 1926, the said Omaha Liberty Fire Insurance Company, by its proper officers, for value received, assigned said judgment or decree to the complainant, George E. Hager; that the complainant has been unable, although demand has been repeatedly made of defendant, to collect the said sum evidenced by the decree so assigned to him, or any part thereof; that the defendant had a large amount of assets which should be applied in satisfaction and payment of the said decree, but, after diligent search and inquiry, the complainant had been unable to ascertain the description and location of her property; that the defendant had concealed her said property for the specific purpose of preventing a levy of execution upon the same for the satisfaction of said decree; and that the complainant had no plain, adequate, and speedy remedy at law, and was entitled to a discovery of and from the defendant, showing the description, value, and location of all the said property so had and possessed by her. The bill prayed that the defendant be required to disclose, under oath, in answer to questions therein propounded, complete and detailed information in regard to all stocks, bonds, notes, evidences of debt, and other personal property, and all real estate, and property rights of every kind, owned by her, with detailed information as to the condition of the title, the value, and location of all such property.

The summons to answer this suit was served on the defendant, Mrs. Coburn, at Cleveland, in Bolivar county, and, at the hearing of the motion to dismiss the cause for want of jurisdiction, she testified that her home and domicile was in Lauderdale county; that, while she owned no real estate, and did not maintain a household in that county, she lived when there in the home of her sister in

the city of Meridian; that she was born and raised in Meridian, and had always claimed her home and domicile to be there; that she was a registered voter of Lauderdale county, paid all her taxes there, and regularly voted in the elections held in that county.

The appellant first complains of the action of the court below in setting aside the first degree entered overruling the motion to dismiss the cause. This decree was set aside and a new hearing had at the same term of court at which it was granted, and during that term the court had the power to change, modify, correct, or vacate the decree, and, upon the showing made by the defendant in support of her motion to set aside this decree, we do not think the court committed error by so doing.

Upon the issue of fact as to whether the chancery court of the First district of Hinds county failed to acquire jurisdiction of this cause by reason of the fact that the defendant had her domicile and fixed place of residence in another county, we think the decision of the court below is correct. The venue of suits in the chancery court is regulated by section 561, Code of 1906 (section 336, Hemingway's 1927 Code); the particular part of this statute which is applicable to this case being the provision that "all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant, may reside or be found." The proof shows that the defendant did not reside in Hinds county, and it is admitted that she was not found in that county. It is argued by counsel for the appellant that the chancery court of the First district of Hinds county had jurisdiction of this cause, because it is ancillary to the original decree or judgment rendered by said court and in aid of the complainant's rights in enforcing said judgment. Conceding that it is ancillary to the original suit in the sense that its purpose was to aid in securing complainant's rights in enforcing said decree, we do not think it is ancillary in any

sense that will confer jurisdiction upon the court in which the original decree was rendered. This suit was begun by an original bill long after the conclusion of the original suit between the Omaha Liberty Fire Insurance Company and the defendant, and the fact that the defendant did not challenge the jurisdiction of the court in the original suit is in no way binding upon her in the present suit.

The appellant next contends that on the hearing of this motion to dismiss, which was based solely on the ground that the defendant was not a resident of Hinds county, the chancellor had no right to embody in the final decree the express holding that the chancery court had no jurisdiction of the cause of action, and to dismiss the cause both for want of jurisdiction of the person and of the cause of action, without reversing the rights of the complainant to file another suit. In support of this contention, counsel for the appellant makes an extensive argument to establish the proposition that "under original equity jurisdiction as administered by the English court of chancery, and as inherited by Mississippi as a part of that system, a judgment creditor is entitled to maintain a bill of discovery as to the assets of the judgment debtor and in aid of the unusual process of the court to collect the judgment."

Without expressing any opinion as to whether, upon a proper bill, the chancery court has jurisdiction of such a bill for discovery, we are of the opinion that this motion to dismiss, based upon the sole ground that the defendant was not a resident of Hinds county, did not present any issue as to the jurisdiction of the cause of action, and that the decree of the court below should have been limited to a dismissal of the bill of complaint for want of jurisdiction of the person of the defendant. The decree of the court below will therefore be reversed, and a decree will be entered here dismissing the bill without prejudice to the right of the appellant to file another suit.

*Reversed, and decree here.*