J. C. KELLIS v. ERNEST WELCH, J. S. BRASWELL, SHERIFF OF RICHMOND COUNTY, AND EDGAR HAYWOOD, CLERK OF THE SUPERIOR COURT OF MONTGOMERY COUNTY.

(Filed 27 May, 1931.)

1. **Venue A b—Action against sheriff of one county and clerk of another held not separable, and removable as to clerk was error.**

   Where the clerk of the Superior Court of one county issues an execution to the sheriff of another county who seizes the plaintiff's property in the latter county, and the plaintiff brings action against the clerk and the sheriff in the county wherein the goods were seized, alleging that the seizure was wrongful: *Held,* the causes relate to substantially one transaction and are not separable in the sense of being mutually independent, and the motion of the clerk for removal as to him to the county of his office should have been denied in order to avoid the possibility of conflicting verdicts and judgments and to dispose of the controversy in one action, the spirit of the statute, C. S., 464, relating to venue of actions against public officers, being effected in such instances by trial of the whole controversy in the county where the goods were seized.

2. **Courts A a—Motion for removal from one Superior Court to another presents question of venue and not jurisdiction.**

   Where in an action against the clerk of the Superior Court of one county and the sheriff of another county the clerk makes motion for removal of the cause as to him to the county of his office under C. S., 464, the motion raises a question of venue and not of jurisdiction.

APPEAL by plaintiff from *Schenck, J.,* at March Term, 1931, of RICHMOND. Reversed.

The plaintiff, a resident of Richmond County, brought suit against the defendants to recover damages for the alleged wrongful seizure and conversion of his automobile. In his complaint he alleges that on 21 February, 1930, he bought the car from Lewis Motor Sales, Inc., of Montgomery County, and held possession of it as owner until 6 October, 1930; that on 2 October, 1930, the defendant Haywood, in the capacity of clerk, issued from the Superior Court of Montgomery County a paper purporting to be an execution in an action entitled

J. H. Hilyard v. Troy Motors, Inc., and the Commercial Credit Company, and caused it to be delivered to the sheriff of Richmond County; and that by virtue of this execution the defendant Braswell, as sheriff of Richmond County, seized the plaintiff's car and delivered it to the defendant Welch, who removed it to Guilford County.

The plaintiff alleges, in addition, that the action of the clerk in issuing the execution, of the sheriff in seizing the car, and of Welch in carrying it to Guilford County was unlawful, and that he is entitled to the market value of the converted property.

The defendants filed answers and in apt time the defendant Haywood made a motion for removal of the cause against himself to Montgomery County. The motion was allowed, and the cause so far as it relates to the defendant Haywood, as clerk, was removed, the court finding the following facts:

1. That Edgar Haywood is the clerk of the Superior Court of Montgomery County, and as such he issued the execution to the sheriff of Richmond County, under and by virtue of which the sheriff of Richmond County seized the automobile of the plaintiff.

2. That the sheriff of Richmond County, acting under and by virtue of said purported execution, seized the plaintiff's automobile in Richmond County.

3. That the plaintiff is a citizen and resident of Richmond County, and the execution was served on him in Richmond County.

The plaintiff excepted to the order of removal and appealed.

*J. C. Sedberry for plaintiff.*
*R. T. Poole for defendant Haywood.*

ADAMS, J. The appeal raises a question, not of jurisdiction, but of venue—the county in which the facts relied on are alleged to have occurred, or in which the cause of action arose.

The place of trial is regulated by statute. C. S., 463 *et seq.* Subject to statutory exceptions an action may be tried in the county in which the plaintiff or the defendant resides at the time the action is commenced (C. S., 469; *McFadden v. Maxwell,* 198 N. C., 223); but an action against a public officer for an act done by him by virtue of his office must be tried in the county in which the cause or some part of it arose, subject to the power of the court to change the place of trial. C. S., 464.

The defendant Braswell is a public officer of Richmond County and the defendant Haywood is a public officer of Montgomery County. Obviously, therefore, we cannot literally apply the provisions of section 464 unless the alleged causes of action are separable in the sense

of being so mutually independent as to authorize their separation and the removal of one cause to the county of Montgomery.

We recognize the principle that a plaintiff cannot change the venue of an action to the prejudice of the defendant and against his will by uniting two causes having different venues. *Cedar Works v. Lumber Co.,* 161 N. C., 603, 613. But the complaint does not purport to state separate and independent causes of action against all the defendants, but a series of interrelated acts culminating in the cause of action which the plaintiff contends he is entitled to maintain in the county in which he and the sheriff reside. There is no finding or judgment that the complaint sets forth severable causes of action or that there is an allegation to this effect in either of the answers. In the absence of a statement of facts in the pleadings or a finding or judgment that there are severable causes the statute seems to provide for changing the place of trial as to all the parties. C. S., 470.

According to the answer of the defendant Haywood, the execution was prepared by an attorney in Richmond County and forwarded to the clerk in Montgomery, who immediately signed and returned it to the attorney in Richmond. Conceding without deciding that as against the clerk the cause of action arose in Montgomery County, while it is difficult to reconcile apparently inconsistent provisions of the statutes, we are of opinion that the action can be maintained against all of the defendants in the county in which it was instituted. In *Sherrod et al. v. Dawson,* 154 N. C., 525, the plaintiffs brought suit in Edgecombe County against the sheriff of Edgecombe and the sheriff of Martin to restrain the defendants from selling the property of the plaintiffs pending the action, which involved the legality of certain taxes levied by the commissioners of both counties. The commissioners of Martin, claiming that the property in question had been owned by J. W. Sherrod, entered it upon their tax list after his death. At the time of his death he lived in Martin County. His son, whose residence was in Edgecombe, claimed to be the owner of the property by assignment from his father, and in consequence a tax was assessed against the property in Edgecombe County. The sheriffs attempted to collect the tax levied in their respective counties. It was contended that there was a misjoinder of causes. This Court decided otherwise and said: "All the averments in the pleadings relate to one transaction and one cause of action, to wit, a permanent injunction to prevent the sale of plaintiff's property. All parties in interest are before the court, and its judgment will be binding upon them. If two separate actions were brought, one in Martin and one in Edgecombe, conflicting verdicts and judgments may be rendered and the result be that the authorities of two counties might levy and collect taxes upon identically the same personal property."

In *McCullen v. R. R.*, 146 N. C., 568, the plaintiff brought suit in Craven County, where he resided, for special damages caused by unreasonable delay in the transportation of goods and for a penalty for the unreasonable delay. Objection was made on the ground that the cause of action for the penalty was triable, not in Craven, but in the county in which the cause of action for the penalty arose. It will be observed that an action for a penalty as well as an action against a public officer must be brought in the county where the cause or some part thereof arose. C. S., 464. True, the objection was taken by demurrer instead of a motion to remove; but this Court after pointing out the distinction between jurisdiction and venue, said: "It would seem that, as the action in respect to the first cause was properly brought in Craven County, and the two causes of action arose out of the same transaction, both the letter and spirit of the law would be met by permitting them to be tried in that county, otherwise, the court would be compelled to separate the two causes of action and direct the removal of one to another county, retaining the other. The two causes of action are permitted to be joined because they arise out of the same transaction. It is manifest that practically the same evidence will be relevant in the trial of both causes of action."

In the case before us all the allegations in the complaint relate primarily to one transaction, the wrongful sale of the plaintiff's property. The evidence as to the execution will be relevant on the trial against all the defendants. If the order of removal stands there will be a possibility of conflicting verdicts and judgments—a judgment in Montgomery for or against the clerk and a judgment *contra* in Richmond as to the sheriff; whereas the liability of these officers may be dependent, or at least in part, upon the validity or invalidity of the execution. As suggested in *McCullen's case* the spirit, if not the letter of the law, would be met by disposing of the whole controversy in one trial.

The order of removal as to the defendant Haywood is

Reversed.