MORRIS *et al.* v. NATIONAL SURETY COMPANY *et al.*

No. 10249.   December 18, 1934.

*Alexander McLennan,* for plaintiffs.

*William C. Cantrell,* for defendants.

Russell, C. J.   It is provided in the Federal statute (38 U. S. C. A., § 454) that the compensation, insurance, and maintenance and support allowances payable to United States veterans shall not be subject to the claims of creditors.   Section 451 provides that any such funds which have became payable, but which have not been paid prior to the death of the person entitled to receive the same, "may be payable to the personal representative of such person: Provided, that in case where the estate of the decedent would escheat under the laws of the place of his residence, such installments shall not be paid to the estate of the decedent but shall escheat to the United States and shall be credited to the appropriation from which the original award was made."   Hence the question propounded by the Court of Appeals must be answered in the affirmative; and if the administrator paid it otherwise than in accordance with the laws of inheritance and distribution, of course his surety is liable.   At the time the veteran died the money which was due and payable to him was a chose in action, and of course upon his

death this chose in action passed to his heir at law, if any; and if he had none, express provision was made in the compensation act that the sum due him by the government should escheat to the United States. In view of the express provision of the compensation act that it shall not be subject to the claims of creditors, the statement just made is conclusive of the question. If this administrator had used the funds for his own benefit, according to the argument advanced in the brief of counsel for the surety company in this case, the surety would not be liable if the administrator happened to be insolvent. We are cited to decisions of this court in *Johnson* v. *Hall,* 101 *Ga.* 687 (29 S. E. 37), and *Bank of Newton County* v. *American Bonding Co.,* 141 *Ga.* 326 (80 S. E. 1003, 50 L. R. A. (N. S.) 1089), and the decisions of the Court of Appeals in *Cooper* v. *Cooper,* 30 *Ga. App.* 710 (119 S. E. 335), and *Maryland Casualty Co.* v. *McAlpin,* 31 *Ga. App.* 303 (120 S. E. 644) ; but when we consider the narrow ground upon which they stand, they do not, in our opinion, conflict with what is now said, and which is placed upon construction of the Federal statute as well as the rules of inheritance of this State, which are too clear to permit of cavil or dispute. We deem it to be indisputable that the claim of the veteran in this case for accrued compensation would, in the absence of law to the contrary, become a part of his estate. The mere fact that the creditor procured the administrator, and perhaps by payment of the premium procured the surety upon the bond given to secure a performance of his duties as such, that is, to lawfully administer the estate of the decedent, will not permit the character of his obligation to administer the assets of the estate to be diverted by sham and device into an empty pretense by which the wife and children of the veteran will be robbed of their inheritance. The argument contained in the brief of counsel for the surety company is an admission that the company, at the time it signed its obligation, the administrator's bond, was entering into an undertaking upon which there was no liability; and the courts should not in any instance countenance transactions where it is evident that a party is endeavoring, in improper manner, to obtain something for nothing.

*All the Justices concur, except Bell, J., who dissents.*
ATKINSON and GILBERT, JJ., concur specially.

GILBERT, J., concurring specially. The question as certified states certain facts and law applied thereto, and requests an answer to the two questions: "Was the money so collected by Brewer part of the veteran's estate, and is the surety on the administrator's bond liable for the administrator's misappropriation of the money?" I concur in the conclusion that the answer to the questions should be in the affirmative—assuming, but not deciding, that the law is as stated in the premise to the question. I am authorized to say that Justice Atkinson concurs in the foregoing.