STATE *ex rel.* GULLY, STATE TAX COLLECTOR, *v.* MASSACHUSETTS BONDING & INS. CO. *et al.*

(Division A. Oct. 9, 1939.)

[191 So. 285. No. 33715.]

May & Byrd and W. E. Gore, all of Jackson, for appellant.

68

Murphy & Wadlington and **V. B. Montgomery**, all of Belzoni, **Percy & Farish** and **D. S. Strauss**, all of Greenville, **Johnson & Allen**, of Indianola, and **Butler & Snow**, of Jackson, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

A. R. Hutchins, now deceased, was the chancery clerk of, and resided in, Humphreys County, Mississippi, and Kathleen P. Hutchins, his widow, who also resides in Humphreys County, was duly appointed by the Chancery Court of that county as executrix of A. R. Hutchins' estate. This is a suit in equity in the Chancery Court of Hinds County, Mississippi, by the state tax collector to recover from Kathleen Hutchins, executrix, the surety on A. R. Hutchins' official bond, and the county depository, money alleged to have belonged to Humphreys County and to have been misappropriated by Hutchins and the county depository. Process was served in Hinds County on an agent appointed for that purpose by the Massachusetts Bonding and Insurance Company, a Massachusetts Corporation, the surety on A. R. Hutchins' official bond. The state auditor and treasurer were also made parties defendant to the bill, which alleged that they had in their hands money due by the state to Hutchins.

Motions of the defendants to dismiss the suit for want of jurisdiction in the Chancery Court of Hinds County were sustained. The appellant invokes the following provision of Section 363, Code of 1930: "all cases not otherwise provided may be brought in the chancery court of any county where the defendant, or any necessary party defendant may reside or be found." This statute does not confer jurisdiction, but fixes the venue or locality in which suits may be tried of which the chancery court has jurisdiction. Section 352, Code of 1930, confers the jurisdiction of suits of the character of the one here upon the chancery court of the county in which letters of administration were granted. That section is in part as follows: "The court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and determine all questions in relation to . . . all demands against it by . . . creditors, or others." Under this statute jurisdiction of all demands by creditors or others against an estate of a decedent is vested in the chancery court of the county in which letters of administration were granted, even though there are other defendants to the suit, some of whom may reside or be found in counties other than that in which the letters of administration were granted. Buie v. Pollock, 55 Miss. 309. See also 24 C. J. 768.

Affirmed.