HILL *v.* OUZTS *et al.*

(In Banc. Feb. 10, 1941.)

[200 So. 254. No. 34388.]

Roberts & Smith and W. D. Jones, all of Cleveland, for appellant.

**A. B. Sparkman**, of Cleveland, for appellees.

**Alexander, J.,** delivered the opinion of the court.

The following are, by virtue of the demurrer, assumed to be facts: Complainants are the two minor children of Wesley Ouzts, a deceased war veteran, and together with their mother, Mrs. Gertha Lee (Ouzts) Kemp, are the sole distributees of his estate. The said veteran at his death left an estate of $5,014.50, of which amount the sum of $4,718 was the proceeds of a War Risk Insurance policy, and the sum of $296.50 represented adjusted compensation, both amounts being paid by the United States under appropriate acts of Congress. The widow of the deceased soldier was duly appointed and qualified as administratrix of the estate, filing bond as such in the sum of one thousand dollars, with J. M. Brock and A. B. Wiggins as sureties. An additional bond in the sum of fourteen hundred dollars with the same sureties, was later filed.

Complainants allege in their bill that the "United States Veterans Bureau, now known as the Veterans Administration, notified the said Gertha Lee Ouzts, it would be necessary that as such administratrix, she execute with sufficient sureties and file with the Clerk of the

Chancery Court of Choctaw County, Mississippi an additional bond, in the sum of $1350.00, before the amounts due the estate of the said Wesley Ethel Ouzts could be paid by the United States of America to the said Gertha Lee Ouzts as administratrix, . . . that the United States Veterans Bureau would not have approved the payment of and that the United States of America would not have paid the sum of $5,014.50 to the said Gertha Lee Ouzts, Administratrix of the estate of Wesley Ethel Ouzts in cause No. 1295 on the docket of the Chancery Court of Choctaw County, Mississippi, except for the fact that Frank Irving, Chancery Clerk of Choctaw County, Mississippi, a defendant herein, issued his certificate dated June 27th, 1929, in which he certified that an additional bond had been made in the said estate by Gertha Lee Ouzts, as administratrix therein, in the penalty of $1350.00, which bond had been approved by him and which bond, with the two bonds already executed, filed, and approved, which are made Exhibits B and C to the original bill herein and of which last two said bonds the United States Veterans Bureau already had notice by certificates of the said Frank Irving, Chancery Clerk aforesaid, made a total of $3750.00 in bonds executed and filed in said estate by the said administratrix and which amount was sufficient to guarantee the proper administration of the two-thirds of the said estate which was inherited by the two minor complainants herein.''

It is further alleged that a third bond in said sum, with the same sureties, was thereupon filed with the Chancery Clerk of Choctaw County and duly approved, and by virtue of said clerk's certificate to that effect to the Veterans' Administration the amount of $5,014.50 was paid to the administratrix. This bond is alleged to have been negligently lost by the clerk, and liability is sought to be fixed upon him and the surety upon his official bond to the extent thereof.

According to the allegations of the bill ''Complainants would further show to the Court that the said Gertha Lee

Ouzts, as such administratrix, has paid out, on behalf of the said estate, the sum of $275.00, as shown by report filed by her as administratrix of the said estate, and that the said administratrix has loaned out and spent all of the balance of the said money in her hands belonging to the said estate, as shown by her report filed therein, and that the said administratrix now has no money in her hands belonging to the said estate, and complainants further show to the Court that the said administratrix made the loans shown by her in her said reports without any approval of the Chancery Court of Choctaw County and without any authority of law, and that the said administratrix has lost and spent all of the money collected by her belonging to the said estate except the sum of $275.00, which she paid out as such administratrix, and that the said administratrix is due the said estate the sum of $4739.50. Complainants would further show to the Court that each of the minor complainants, Tressie Lucille Ouzts and Wesley Harlan Ouzts, are entitled to have and receive one-third of the said estate each, and that each of the said minor complainants is entitled to have and receive from the said administratrix one-third of the said estate which amounts to the sum of $1579.83 each.''

Since the execution of the bonds for the administratrix, one of the sureties, Wiggins, died. His widow and sole heir, the appellant here, was on January 13, 1931, appointed administratrix and duly discharged as such on July 25, 1931. Appellant, now Mrs. Jeanette P. (Wiggins) Hill, inherited all the personal and real estate of said surety. Complainants seek ''a decree herein against the defendant, Mrs. Jeanette P. Hill, for the value of whatever personal property she received from the estate of A. B. Wiggins, deceased, not to exceed the sum of $3,343,'' with interest. In default of personalty so inherited, the complainants seek to fix a lien upon such realty therein described to the extent of their two-thirds interest in said veteran's estate, so dissipated and lost by their mother as administratrix.

Complainants sue, as minors, by "E. B. Nelson, next friend," and by "E. B. Nelson, Guardian," to whom letters of guardianship were duly issued as Chancery Clerk of Bolivar County where complainants reside. The defendants are Mrs. Gertha L. (Ouzts) Kemp, administratrix of the estate of the deceased father of complainants; J. M. Brock, a surety on Mrs. Kemp's bonds; Mrs. Jeanette P. (Wiggins) Hill, the widow and sole heir of the other surety, A. B. Wiggins; Frank Irving, who is the Chancery Clerk of Choctaw County; and the United States Fidelity and Guaranty Company, which is surety on the said clerk's official bond.

A separate demurrer was filed by the appellant, setting up that there is a misjoinder of parties complainant; that suit, in so far as this defendant is concerned, ought to have been against the estate of A. B. Wiggins, deceased; that no decree can be entered against lands of the said Wiggins since he lived in Bolivar County, his lands are there located, and his estate there administered; that the proceeds of insurance and adjusted compensation constituting the entire estate of the deceased veteran are exempt property, and as such were no part of the estate to be administered by the administratrix, Mrs. Gertha Lee (Ouzts) Kemp, and, therefore, the sureties on her bond would not be liable for their devastation. Other grounds were mentioned.

The demurrer was overruled, but an appeal was granted to this Court to settle the controlling principles of the cause.

The administration upon the veteran's estate was in the Chancery Court of Choctaw County, and one of the defendants is the chancery clerk of said county. Such, therefore, is the proper venue of this suit. Code 1930, Section 363. State ex rel. Gully, etc., v. Massachusetts Bonding & Ins. Co., 187 Miss. 66, 67, 191 So. 285.

The appointment of the Chancery Clerk of Choctaw County was obviously as guardian ad litem. Regardless of the merit of any attack upon complainants' right to

sue by E. B. Nelson guardian, based upon the failure clearly to show that he was as chancery clerk so appointed, it is sufficient that they are here represented by E. B. Nelson as next friend. The fact of adequate representation is of more importance than the characterization in the pleadings. Aetna Indemnity Co. v. State, 101 Miss. 703, 57 So. 980, 39 L. R. A. (N. S.), 961.

The right to bring the suit on the bond of the administratrix of the Ouzts estate is not affected by the fact that there has also been administration upon the estate of a deceased surety, especially where the administratrix in the latter estate had been duly discharged as such several years prior to suit. Moreover, although any liability of the surety, Wiggins, would be a debt, it is nevertheless one which may not be probated against his estate. Savings, B. & L. Ass'n v. Tartt, 81 Miss. 276, 32 So. 115. Since all the personal and real property of such deceased surety were assets of his estate and chargeable as such with his debts, a proceeding to enforce such charge against this property must be recoginzed. Code 1930, Sec. 1643. Blum v. Planters' Bank & Trust Co., 161 Miss. 226, 135 So. 353.

The mere circumstance that complainants prayed for a personal decree against Mrs. Hill, the widow of the surety as his sole distributee, "for the value of whatever personal property she received" is of no significance. Complainants prayed for a discovery as to personalty received by the widow from the Wiggins estate with a view to subjecting same to the charge upon it, or in lieu thereof upon the realty. If any relief prayed for can be granted, the bill is good against demurrer.

The final question here presented by complainants is whether, assuming that the entire estate received by the administratrix of the veteran's estate is exempt property, the same constitutes a part of the "estate to be administered," for the improper use or loss of which administratrix' surety may be held liable.

The sum of $296.50, representing adjusted compensation, though payable to the estate of the veteran instead of a named beneficiary, is exempted from all debts of the decedent, and from the expenses of last illness and funeral. DeBaum v. Undertaking Co., 169 Miss. 488, 153 So. 513, 38 U. S. C. A., Sec. 618. The remainder of such estate, amounting to $4,618, was the proceeds of War Risk Insurance. Regardless of whether such proceeds are exempt under the federal statute, 38 U. S. C. A., Sec. 454a, as to which there is some contrariety of opinion, such proceeds are, under Code 1930, Section 1757, exempt property. Yet the mere classification as exempt is not decisive of the case here. The controlling consideration is that such proceeds, payable to the veteran's estate, come into the hands of the heirs only by payment to and distribution by the administratrix. The bill alleges what may be indulged as a reasonable assumption, that the United States would make no payment of either adjusted compensation or life insurance proceeds due the estate of a deceased veteran, except to his duly qualified executor or administrator.

We are not here concerned with exempt realty or exempt personalty which, because it descends to heirs by operation of law or is ordinarily set apart from the estate by appraisers, becomes no part of the estate to be administered by the personal representative. There was no property available to be so set apart. The right of the heirs ultimately to receive these funds was linked with the requirement that an administratrix be qualified to receive and receipt for them. Their proper distribution was not automatic. Even though its devolution was by operation of law, it descended of necessity through the administratrix. She was not charged with it by mistake, nor did she assume an unwarranted dominion over it. It formed a "part of the estate to be administered by a personal representative" in contradistinction to the facts in Equitable, etc. v. Hartfield, 87 Miss. 548, 40 So. 21, 22, and was lawfully taken possession of in contrast to the

facts in Grafton v. Smith, 66 Miss. 408, 6 So. 209. Other cases cited by appellant are for similar reasons inapplicable. Here the entire estate consisted of funds paid by the United States under laws relating to veterans. That such funds were to be payable only to a qualified administratrix makes her custody of same official and not officious. The proceeds would not have been paid except for such qualification; the qualification would not have been undertaken except for such proceeds. The possibility that such estate may be liable to certain debts, exigible even against exempt property, made it appropriate that she serve at least as a conduit through which the rights of the distributees and such creditors may be recognized.

A surety upon an administration bond executed for the purpose of procuring the collection of funds, and without which such funds would not have been paid, is liable to the legal distributees for the misapplication thereof by the principal. Our conclusion in this matter is reinforced by Morris v. Nat. Surety Company, 179 Ga. 902, 177 S. E. 677, 678, where, despite the exemptibility of compensation due a deceased veteran's estate, a surety on the administrator's bond was held liable. The Court said: "The mere fact that the creditor procured the administrator, and perhaps by payment of the premium procured the surety upon the bond given to secure a performance of his duties as such, that is, to lawfully administer the estate of the decedent, will not permit the character of his obligation to administer the assets of the estate to be diverted by sham and device into an empty pretense by which the wife and children of the veteran will be robbed of their inheritance. The argument contained in the brief of counsel for the surety company is an admission that the company, at the time it signed its obligation, the administrator's bond, was entering into an undertaking upon which there was no liability; and the courts should not in any instance countenance transactions where it is evident that a party is endeavoring in improper manner,

to obtain something for nothing." See also State ex rel. Lankford v. Fidelity & Deposit Co., 228 Mo. App. 953, 74 S. W. (2d) 904.

Affirmed and remanded.