510 So.2d 490 (1987)
BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING, et al.
v.
J.B. Van SLYKE, Jr.
No. 56261.
Supreme Court of Mississippi.
May 20, 1987.
Edwin Lloyd Pittman, Atty. Gen. by Ed Davis Noble, Jr., Asst. Atty. Gen., Jackson, for appellants.
J.B. Van Slyke, Jr., Hattiesburg, pro se.
En Banc.

ON PETITION FOR REHEARING
GRIFFIN, Justice, for the Court:
This cause is now considered on a petition for rehearing, wherein the Court is asked to withdraw its decision of December 17, 1986. We grant the petition and this opinion is adopted as the opinion of the Court.
The appellee states in his complaint that there is no specific venue statute covering this case. We differ, and invite attention to Miss. Code Ann. § 25-61-13 (Supp. 1986), Chapter 424, Sec. 7, General Laws of the State of Mississippi 1983, an Act entitled *491 "Mississippi Public Records Act of 1983"; and Miss. Code Ann. § 11-5-1 (1972), which had as its original source Code of 1857, Chapter 62, Article 6. For the reasons hereinafter delineated, we hold that the Chancery Court of Forrest County should have sustained the motion to change venue.
This case arrives here from the Chancery Court of Forrest County. The appellee in his complaint, alleges that he had standing to bring this action as a citizen of the State aggrieved by the conduct of the Board of Trustees of State Institutions of Higher Learning in not affording him certain public records as required of that Board by the "Mississippi Public Records Act of 1983". We agree with that contention. Mississippi Publishers Corp. v. Board of Trustees of State Institutions of Higher Learning, 478 So.2d 269 (Miss. 1985). Significantly, though, alleging he has been denied a right under the Act, he seeks no relief thereunder.
After reciting his standing to bring this action, the appellee attacks the constitutionality of the composition of the Board of Trustees. Under that section of his complaint entitled "RELIEF", he sought the following from the chancellor:
A) Adjudicate that Article 8, Section 213-A, of the Mississippi Constitution, and Sections 37-100-1 through XX-XXX-XXX of the Mississippi Code of 1972, as Amended, establishing the Board of Trustees, in effect created an autonomous branch of government in violation of Article 1, Section 1, and Article 3, Section 5, of the Mississippi Constitution; and/or
B) The appointment of members of the Board of Trustees to a constitutional office or position as authorized in Article 8, Section 213-A, and Sections 37-101-3 and 37-101-5, is in violation of Article 3, Section 5, of the Mississippi Constitution; and/or
C) Adjudicate that the Board of Trustees of Institutions of Higher Learning is in the legislative department of government, and to allow the executive department to exercise the power of appointment to said Board as authorized by Article 8, Section 213-A, and Section 37-101-3 and 37-101-5, is a violation of the constitutional principle of separation of powers, and contrary to Article 1, Sections 1 and 2, and Article 4, Section 33, of the Mississippi Constitution; and/or
D) Adjudicate that the Board of Trustees is a constitutional body and is subject to constitutional apportionment, and prescribe a suitable plan meeting the constitutional requirements; and
E) Issuing a preliminary and final Injunction prohibiting the Board of Trustees from removing or assigning any further leadership roles or doctoral programs until the final outcome of the litigation in Hinds County, Mississippi, and the final determination of the constitutional questions raised herein; and
G) Grant such other general and further relief as the Court may deem appropriate in the premises.
At the time the appellee filed this action in Forrest County, he had pending an action in the Chancery Court of Hinds County, wherein he requested specific relief under the Mississippi Public Records Act. While his case was on file in Hinds County, the Chancery Court of that county entered an opinion in Mississippi Publishers Corp, supra. That case was appealed to this Court, and supersedeas was granted to the College Board by Chief Justice Patterson on November 8, 1984, from an adverse ruling of the Chancellor. After the appeal of the Mississippi Publishers case, the Board of Trustees filed a motion to hold the appellee's Hinds County case in abeyance until the Mississippi Publishers case could be decided by this Court. The appellee states in his brief in this cause that his response to that motion confessed the same, and makes the following statement: "Therefore, from appellee's standpoint, the pending case [i.e., his case] in the Chancery Court of Hinds County, Mississippi, has now been resolved by the issues raised in the Mississippi Publishers case."
Still, he states that the "issues" there give him standing to bring his action in Forrest County. He filed his suit in Forrest County on October 29, 1984, while his *492 action in Hinds County was pending, and abeyance agreed to. The Mississippi Public Records Act creates a new cause of action in favor of one denied access to public records. Miss. Code Ann. § 25-61-13 (Supp. 1986). This section provides that one aggrieved "may institute a suit in the Chancery Court of the County in which the public body is located ... Process shall be served on the proper officials according to law." (emphasis added)
This should be sufficient for the termination of this opinion. However, a unique contention is made that the Board is sued as an entity and may be sued in any county in which it does business. Miss. Code Ann. § 25-61-3(a) (1972), states that a "public body" includes any governmental entity created by the constitution or laws, executive order, ordinance or resolution; however, said section also provides "the term `entity' shall not be construed to include individuals employed by a public body or any appointed or elected official." The right of action under the Mississippi Public Records Act is against individuals and must be. Only individuals may be ordered to do a specific act; a governmental entity cannot respond by affirmative conduct. The Act itself provides for process on the official against whom relief is sought.
All parties agree, and it is a matter of common knowledge, that the "public body" subject to this action is located in Hinds County.
Assuming, without deciding, that the appellee has standing on the constitutional questions, the action still does not lie in Forrest County. His complaint sets forth the names of the various parties, the trustees and the executive secretary. None of them are residents of Forrest County. Chapter 62, Article 6, Code of 1857, supra, dealing with venue in chancery court, among other things, provides: "and in all cases, suits may be brought in any county where the defendant, or any necessary party defendant, may reside or be found; and process may issue to any county in the state... ." Miss. Code Ann. § 11-5-1 (1972), the present statute on venue of suits in chancery, among other things provides: "And in all cases not otherwise provided may be brought in the Chancery Court of the County where the defendant, or any necessary party defendant, may reside or be found; and process may issue to any county... ." The other cases provided for include matters concerning real estate, executors, administrators, and guardians and other real or personal property.
M.R.C.P. 82(b) provides that venue of all actions shall be provided by statute. This simply reannounces the law. Griffith, Mississippi Chancery Practice, § 151 (2d ed. 1950), also provides that venue is controlled by statute. § 152, concerning in personam actions, distinguishes them from those concerning real or personal property, and states, "It is the scope of the suit and not that which gave it birth that controls." § 155 provides "Suits wholly in personam must be filed in the county where one of the necessary parties defendant resides. It is true that the statute again uses the permissive word `may' in that connection, but it is the uniform policy of judicial procedure in our state to bring all litigation in personam to the home of the defendant, and the statute must be construed in the light of that policy." Justice Griffith was speaking about Section 1274, Code of 1942, now appearing as § 11-5-1. Interestingly it has not been amended since the second edition of his works was published.
In short, although the statute does not itself confer jurisdiction, it does fix the "venue or locality in which suits may be tried of which the chancery court has jurisdiction." State v. Massachusetts Bonding & Insurance Co., 187 Miss. 66, 72, 191 So. 285 (1939).
Repeatedly, this Court has stated that the right to be sued in the county of one's residence is a valuable right, not a mere technicality. Jefferson v. Magee, 205 So.2d 281, 283 (Miss. 1967); Crosby v. Robertson, 243 Miss. 420, 426, 137 So.2d 916, 918 (1962); Long v. Patterson, 198 Miss. 554, 562, 22 So.2d 490, 492 (1945). Indeed, a chancery court has no jurisdiction over a defendant who neither resides nor is found in the county where the suit is filed, absent waiver. Hager v. Coburn, 150 Miss. 193, *493 202, 116 So. 540, 541-42 (1928). This is consistent with Clark v. Louisville & Nashville Railroad Co., 158 Miss. 287, 304, 130 So. 302, 307 (1930), where the Court recognized the State's power to "fix venue of actions according to its judgment of convenience, justice, etc."
In the present case, Van Slyke maintains that venue is proper in any county where the Board of Trustees "does business." Yet, no venue statute is so broad. Indeed, the last statute to hold such was Miss. Code Ann. § 11-11-5 (1972), which permitted suit against a "railroad, express, steam-boat, power, superpower, telegraph, or telephone corporation" in any county where it conducted business. In 1979, the Legislature amended the statute to allow suit only in the county where the cause of action accrues, the defendant has his principal place of business, or the plaintiff resides.
Significantly, to hold that the Board of Trustees is subject to suit in any county where it conducts business requires it to defend actions in all eighty-two counties. The Board does business in all eighty-two counties of the State, and significant business. The Extension Service is located at and operated by Mississippi State University. Miss. Code Ann. § 19-5-63 provides that the boards of supervisors of the various counties of the State appoint county agents and other personnel of that office upon recommendations made by the Director of the Extension Service of Mississippi State University. The director is subject to the control of the Board of Trustees of State Institutions of Higher Learning. He works closely with and exercises supervisory control over these employees. Further this same University operates experiment stations at several locations in the State of Mississippi outside of Oktibbeha County, wherein it has its principal campus. Several of the Universities have branches at places other than their home county.
The conduct of the Board of Trustees of State Institutions of Higher Learning affects all of the people of the State of Mississippi to one degree or another. However, we are not inclined to treat that Board less favorably than we would a non-resident railroad which has its lines from the Tennessee border to the Gulf of Mexico. Even if we conceded that an action under the Mississippi Public Records Act could be brought in any county in which the Board does business, which we do not, still the Board should be given the benefit of the general chancery venue statute.
"As a general proposition, an officer cannot be deprived of the benefit of the venue statute in respect of a particular cause of action by the joinder therewith of a separable cause of action, the venue of which might properly be laid in another county." 63 Am.Jur.2d, Public Officers and Employees, Sec. .527, citing Kellis v. Welch, 201 N.C. 39, 158 S.E. 742 (1931).
In deference to the chancellor, we point out that the motion for change of venue factually alleged matters that brought the motion within the purview of § 11-5-1 and § 25-61-13, supra, but did not specifically set forth the section numbers. Good practice would dictate that the trial judge's attention be directed to the legislative pronouncement from which the movant seeks relief. Still the motion was properly filed and the factual situation confessed. The motion for change of venue should have been sustained.
Since we hold that it was error on the part of the chancellor to entertain the action, the other matters decided by him are, therefore, null and we remand the case for the entering of the proper order removing the case to the Chancery Court of the First Judicial District of Hinds County.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., DAN M. LEE and ANDERSON, JJ., concur.
PRATHER and SULLIVAN, JJ., dissent.
ROBERTSON, J., not participating.
PRATHER, Justice, dissenting:
I respectfully dissent to the opinion of the majority. I disagree that venue was improperly placed in Forrest County, and I *494 assert that guidelines on standing to sue should be addressed in this opinion.

I.
On October 29, 1984, J.B. Van Slyke filed suit seeking injunction against the Board of Trustees of the State Institution of Higher Learning when Dr. E.E. Thrash, Executive Secretary and Director of the Board of Trustees of State Institutions of Higher Learning, (hereinafter designated as the Board), denied Van Slyke access to records pertaining to academic program review of the state universities. Van Slyke asserts that such denial violated the statutory Public Records Act, §§ 37-101-1, et seq. However, the records were subject to a temporary injunction under a Hinds County Chancery Court order granted November 8, 1984 in Mississippi Publishers Corp. v. The Board of Trustees of the State Institutions of Higher Learning, 478 So.2d 269 (Miss. 1985). The relief sought by Van Slyke against the Board of Trustees was an injunction prohibiting the Board from removing or assigning leadership in various academic programs among the various universities until such time as the Court addressed constitutional issues of the Board's authority.
The constitutional issues raised by the complaint are contained in the majority opinion and are not reiterated here.
The Board moved to dismiss this suit for the plaintiff's failure to show Van Slyke's standing to litigate the constitutional and statutory provisions, and moved for change of venue to Hinds County.
The chancellor denied both motions, together with a motion to stay proceedings, but set the case for trial. Thereafter, this Court granted the Board's motion filed here for an interlocutory appeal with supersedeas.

II.

Was venue improperly placed in the Forrest County Chancery Court in an action against the Board of Trustees of the Institutions of Higher Learning?
The Board of Trustees assert that all acts complained of occurred in Hinds County; since the central office and staff of the Board of Trustees, and all records and files relevant to the cause of action are maintained in Hinds County; consequently, venue rests in the First Judicial District of Hinds County.
Mississippi Rules Civil Procedure 82 provides that venue is controlled by statute. However, there is no specific statute setting the venue of an action against this Board created by Miss. Const. § 213-A. This suit names only the Board as defendant; it lists the individual board members in their official capacity, but the suit is not filed against them individually. The University of Southern Mississippi, a university managed by the Board, is located at Hattiesburg. Venue is, therefore, sought not in the county of residence of an individual board member, but in a county in which the Board does business. See contra, Williams v. Stevens, 390 So.2d 1012 (Miss. 1980) (venue was changed from residence of an individual board member, sued personally, to venue of the office of the Board in Hinds County).
The general statute on venue of suits in chancery court, Miss. Code Ann. § 11-5-1 (1972), provides: "[A]ll cases not otherwise provided may be brought in the chancery court of the county where the defendant, or any necessary part defendant, may reside or be found; and in all cases process may issue to any county... ."
Additionally, Miss. Code Ann. § 25-61-13(1) (Supp. 1985), The Public Records Act, provides: "Any person denied the right granted by section 25-61-5 to inspect and/or copy public records may institute a suit in the chancery court of the county in which the public body is located, ..."
In the absence of a specific statute for the filing of suit against the College Board, I conclude that venue is controlled either by the general venue statute, Miss. Code Ann. § 11-5-1 (Supp. 1986), which prescribes that venue is proper where the defendant "resides or may be found," or by the Public Meetings Act, Miss. Code Ann. § 25-61-13(1) (Supp. 1986), which prescribes *495 that venue is proper "where the public body is located." Under either interpretation the Board can be said to "reside", "be found," or "be located" in Forrest County and there, venue is proper.
This interpretation, however, does not preclude the Board's application for, nor a trial court's granting, a change of venue to a forum of convenience. Consideration of record transfer, convenience to witnesses, parties, attorneys and staff, and community resources for lodging are pertinent to the determination of venue under M.R.C.P. Rule 82(d).
Therefore, I would hold that the trial court properly overruled the motion for change of venue and set the case for trial in a county in which the Board "does business."

III.
Secondly, I disagree with the majority opinion in that guidelines are not set forth for the trial court on the issue of standing to sue. This assignment is ignored. Noting that one interlocutory appeal has already been taken in this case, I would address the issue to avoid waste of judicial time and effort as well as to give guidance to the bench and bar, which is a proper function of an appellate court. In doing so, I would suggest the following analysis.
Under what conditions does a citizen have standing to litigate a state non-constitutional and constitutional question?
Succinctly phrased, standing to bring a lawsuit describes who may be heard by a judge. The law of standing is primarily concerned with determining the right of an individual to assert a claim for relief, calling into question the constitutionality and/or review of administrative or other government action.
This suit contains two standing questions: (A) the right of a private citizen to challenge his denial of his right of access to public records under statutory authority, and (B) the right of a private citizen to challenge the alleged conflict of some constitutionally created rights with constitutional and statutory sections promulgating the Board of Trustees' composition and authority.

A.

STANDING AS TO THE OPEN RECORDS ACT
The academic program review records of the Board were public records covered under Miss. Code Ann. § 25-61-5 (1972).
[A]ll public records are hereby declared to be public property, and any person shall have the right to inspect, copy or mechanically reproduce or obtain a reproduction of any public record of a public body in accordance with reasonable written procedures adopted by the public body concerning the cost, time, place and method of access, and public notice of the procedures shall be given by the public body, or, in the event that a public body has not adopted such written procedures, the right to inspect, copy or mechanically reproduce or obtain a reproduction of a public record of the public body... .
Mississippi Publishers Corp. v. Board of Trustees of the State Institutions of Higher Learning, 478 So.2d 269 (Miss. 1985) addressed the applicability of the Open Records Act to these public records. That decision provides that academic program review documents are public records, to which the public has access.
Van Slyke claims that the denial of the Board of Trustees to produce such documents constitutes an injury which entitles him to relief.
Appellee argues that such injury confers in him standing to challenge the officer's action as unauthorized and unintended by the statute.
With respect to this question, the majority opinion of this Court concurs. Every citizen is statutorily granted access to public records. Injury occurs when an administrative officer of a governmental agency unjustifiably denies access of the records to any citizen.
This plaintiff had standing to bring injunctive action as a citizen and individual seeking relief. The denial of access to *496 records falling within the Open Records Act is in and of itself a sufficient allegation of adverse affect and injury to maintain a suit challenging such denial. To hold otherwise would destroy and negate a statutorily created right.

B.

STANDING AS TO THE CONSTITUTIONALITY OF MISSISSIPPI CONSTITUTION § 213-A AND STATUTORY SECTIONS 37-101-1 ET SEQ.
Having claimed standing to challenge the Board's action for denial of access to public records, Van Slyke contends that this injury constitutes the proper foundation to challenge the composition and authority of the constitutionally created Board of Trustees established by Article 8, Section 213-A of the Mississippi Constitution.
I would hold that once Van Slyke is properly before the Court, he may raise any question that he desires. The Board of Trustees Act grants certain statutory authority pursuant to sections 37-101-1 et seq. Those particular sections pertinent to this case are Miss. Code Ann. § 37-101-3 and Miss. Code Ann. § 37-101-5.
The argument of appellee is that the constitutional authority of Article 213-A and its statutory supplements violate several other constitutional provisions, namely: (1) Article 1, Section 1: The powers of the government of the state of Mississippi shall be divided into three distinct departments ... those which are legislative ..., those which are judicial ..., and those which are executive... . (2) Article 1, Section 2: No person or collection of persons ..., shall exercise any power properly belonging to either of the others. (3) Article 3, Section 5: All political power is vested in, and derived from, the people; all government of right originates with the people, is founded upon their will only, and is instituted solely for the good of the whole. (4) Article 4, Section 33: The legislative power of this state shall be vested in a legislature which shall consist of a senate and a house of representatives.
Appellee's contention is that Article 213-A and its statutory supplements create an autonomous branch of government, legislative in nature, but composed of executively appointed officials. As such, asserts the appellee, the Board usurps political power from the people and violates the theory of separation of powers. Additionally, the appellee asserts that the constitutional board, subject to constitutional apportionment, should represent the interest of the entire state "based upon population for various areas."
The argument raised by the College Board is that, absent an alleged injury to Van Slyke, he has no standing to raise these constitutional questions.
The law of standing has primarily been developed in the federal judicial system. Historically, the United States Supreme Court has denied standing to a taxpayer challenging federal expenditures due to lack of "direct injury" Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923). However, a more recent case addressing standing held that taxpayers have standing to challenge the constitutionality of federal expenditures under "specific" clauses of the Constitution. Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968).
Notwithstanding the federal restriction on standing, states generally have been more permissive to grant standing to challenge constitutionality and review of governmental action. One reason for the dissimilar treatment in the federal and state courts is the federal constitutional concept of "case" and "controversy". Article III Section II of the United States Constitution limits the business of the United States Supreme Court to "cases" and "controversies" presented in an adversary context. Article 6, Mississippi Constitution, contains no such restriction.
Mississippi Courts have permitted suits by individuals and boards in any "action in which a private citizen sues his government concerning a matter of general public interest... ." See recent standing questions addressed by this Court: Dye v. State ex rel. Hale, 507 So.2d 332 (Miss. 1987); Frazier v. *497 State By And Through Pittman, 504 So.2d 675 (Miss. 1987); Canton Farm Equipment, Inc. v. Board of Supervisors of Madison County, 501 So.2d 1098 (Miss. 1987); Fondren v. State Tax Commission, 350 So.2d 1329 (Miss. 1977). In Fondren an individual filed a suit challenging the failure of the Tax Commission to carry out its constitutional duty of equalizing tax assessments. Fondren was entitled as a citizen and taxpayer to seek an injunction in the chancery court. Fondren, at 1332. See Miss. Code Ann. § 19-13-37 (Supp. 1985) which authorizes suit against a Board of Supervisors by a taxpayer.
Recognizing that writs of mandamus and prohibition are remedies usually filed by the attorney general or district attorney, the Fondren decision acknowledged that suit may be filed by:
"[a] private citizen [if he] can show that he has `an interest separate from or in excess of that of the general public... .' Compare Wilson v. City of Laurel, 249 So.2d 801 (Miss. 1971) with Thompson v. Mayfield, 204 So.2d 878 (Miss. 1967)." 350 So.2d at 1332.
Attention is directed to M.R.C.P. 24(d), Intervention, which provides that intervention is allowed by the State:
In any action (1) to restrain or enjoin the enforcement, operation, or execution of any statute of the State of Mississippi by restraining or enjoining the action of any officer of the State or any political subdivision thereof, or the action of any agency, board, or commission acting under state law, in which a claim is asserted that the statute under which the action sought to be restrained or enjoined is to be taken is unconstitutional, or (2) for declaratory relief brought pursuant to Rule 57 in which a declaration or adjudication of the unconstitutionality of any statute of the State of Mississippi is among the relief requested, the party asserting the unconstitutionality of the statute shall notify the Attorney General of the State of Mississippi within such time as to afford him an opportunity to intervene and argue the question of constitutionality.
The argument persists that citizens should have the authority to challenge the constitutionality and/or review of governmental action, and if individuals do not have such authority, how else may constitutional conflicts be raised. This is particularly true when a public official charged with such duty fails to act. Constitutional litigation by private citizens may be maintained in cases where there is no probability of the validity of the statute being challenged by one of the class discriminated against; or, when a decision on validity would not be necessary, one not within the class may question the validity of the statute. Miller v. Lamar Life Insurance Co., 158 Miss. 753, 131 So. 282 (1930).
Realizing that unmeritorious lawsuits can hinder proper governmental operation by boards and administrative bodies, this Court directs attention to M.R.C.P. Rules 11 and 56, which rules can be utilized to sanction improperly filed frivolous suits.
I would submit that Van Slyke is a proper party as a citizen to assert a claim of adverse effect upon him challenging the validity of the constitutional provision and legislative statutes pertinent thereto.
SULLIVAN, J., joins this dissent.