COLEMAN, JUSTICE, DISSENTING:
 

 ¶ 33. The Legislature sets venue for civil actions in Mississippi. Whether the Supreme Court sees wisdom or folly in the statute passed by the Legislature, we are constrained by the Constitution to follow it unless it is unconstitutional beyond a reasonable doubt. In Mississippi Code Section 11-11-3(3), the law of Mississippi requires venue in medical malpractice actions against a given caregiver to be set in the county in which the negligence alleged against the caregiver occurred. Because the majority's holding today departs from the law as set by the Legislature, I, with respect, dissent.
 

 ¶ 34. Statutes establish venue.
 
 Salts v. Gulf Nat'l Life Ins. Co.
 
 ,
 
 743 So.2d 371
 
 , 373 (¶ 7) (Miss. 1999) ;
 
 Bd. of Trustees of State Inst. of Higher Learning v. Van Slyke
 
 ,
 
 510 So.2d 490
 
 , 492 (Miss. 1987). The statute governing the venue issue in the case
 
 sub judice
 
 reads as follows:
 

 Notwithstanding subsection (1) of this section, any action against a licensed physician, osteopath, dentist, nurse, nurse-practitioner, physician assistant, psychologist, pharmacist, podiatrist, optometrist, chiropractor, institution for the aged or infirm, hospital or licensed pharmacy, including any legal entity which may be liable for their acts or
 omissions, for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought only in the county in which the alleged act or omission occurred.
 

 Miss. Code Ann. § 11-11-3
 
 (3) (Rev. 2004). "When interpreting a statute that is not ambiguous, this Court will apply the plain meaning of the statute."
 
 Pitalo v. GPCH-GP, Inc.
 
 ,
 
 933 So.2d 927
 
 , 929 (¶ 5) (Miss. 2006). To determine the plain meaning, "we must look at the words of the statute."
 
 Adams v. Baptist Mem'l Hosp.-DeSoto, Inc.
 
 ,
 
 965 So.2d 652
 
 , 656 (¶ 21) (Miss. 2007).
 

 ¶ 35. The effect of the above-quoted statute is straightforward and clear. An action sounding in medical negligence against a given caregiver may be brought
 
 only
 
 in the county in which the alleged negligent act or omission occurred. When the Hinds County Circuit Court denied the Leake County defendants' motion to transfer venue of the claims against them, it allowed the claim for negligent acts alleged to have occurred in Leake County to proceed in a county
 
 other
 
 than the one where the alleged acts or omissions took place,
 
 i.e.
 
 , Hinds County. The court's denial of the motion contradicted Section 11-11-3(3)'s clear directive.
 

 ¶ 36. It is a "fundamental rule of our sovereignty" that "the legislature has the power to enact any law it sees fit, be it sincere or hypocritical, moral or immoral, wise or foolish, beneficial or harmful, provided it does not violate the prohibitions of the State or Federal Constitution."
 
 State v. Wood
 
 ,
 
 187 So.2d 820
 
 , 827 (Miss. 1966). I share many of the concerns raised by the plaintiffs that arise from a statute that requires plaintiffs to split their causes of action, which if they sounded in another area of law would be tried together, between two different venues. However, those policy concerns and the ill effects, if any, of poor policy decisions that fall within the legislative prerogative cannot be our concern when the effect of the statute in question is clear and no questions regarding its constitutionality are raised. In effect, if the Legislature has spoken, the nine lawyers sitting on the Mississippi Supreme Court, pursuant to our constitutional separation of powers, must listen absent a concern over the constitutional validity of a statute. "The function of the Court is not to decide what a statute should provide, but to determine what it does provide."
 
 Lawson v. Honeywell Int'l, Inc.
 
 ,
 
 75 So.3d 1024
 
 , 1027 (¶ 7) (Miss. 2011). Again, no party to the instant case has challenged the constitutionality of Section 11-11-3(3).
 

 ¶ 37. The majority reaches its holding,
 
 i.e.
 
 , that the venue statute allows plaintiffs to bring suit in Hinds County against the defendants whose alleged negligence occurred in Leake County, in part by interpreting it in light of Section 11-11-3(1). (Maj. Op. at ¶¶ 15-19). However, the Legislature explicitly included in Subsection 3 that it applies "[n]otwithstanding" subsection 1. The majority also relies on Mississippi Code Section 1-3-33 for the proposition that the Legislature itself has authorized courts to construe singular nouns as plural and plural as singular "as long as there is no contrary intention." (Maj. Op. at ¶ 20). As applied to Section 11-11-3(3), the Legislature made its contrary intent crystal clear when it added the word "only." An action against a physician "shall be brought
 
 only
 
 in the county in which the alleged act or omission occurred."
 
 Miss. Code Ann. § 11-11-3
 
 (3) (Rev. 2004) (emphasis added). In my opinion, the word "only" manifests the intention that the word "county" hold its singular form.
 

 ¶ 38. For the foregoing reasons, I would reverse and remand with instructions for the trial court to sever the claims against
 the Leake County defendants and transfer them to Leake County.
 

 MAXWELL, J., JOINS THIS OPINION.